245 So.2d 51 (1971)
Ray RIGOT, Petitioner,
v.
Jean F. BUCCI, Respondent.
No. 40253.
Supreme Court of Florida.
February 24, 1971.
*52 Dennis I. Holober, Miami, for petitioner.
William P. Doyle, Fort Lauderdale, for respondent.
ADKINS, Justice.
We have for review a decision of the District Court of Appeal, Fourth District (Rigot v. Bucci, 239 So.2d 29), which allegedly conflicts with a prior decision of the District Court of Appeal, Second District (Thomas v. Pennsylvania Threshermen & Farmers' Mutual Insurance Company, 167 So.2d 10), and other decisions on the same point of law. Fla. Const., art. V, § 4, F.S.A.
The parties will be referred to as they appeared in the trial court. Respondent was the Plaintiff and petitioner was the Defendant.
The suit filed by Plaintiff was one at law based upon an alleged fraud on the part of the Defendant which induced Plaintiff to enter into a publishing franchise for Play Magazine. The trial court instructed the jury that Plaintiff had "the burden of proving, by a preponderance of the evidence," that Defendant was guilty of fraud. A verdict for $15,000 in favor of Plaintiff was returned. The judgment entered upon the verdict was affirmed by the District Court of Appeal.
In Thomas v. Pennsylvania Threshermen & Farmers' Mutual Insurance Company, supra, an action at law on an automobile insurance policy, the Court said:
"Fraud, actual or constructive, is not presumed. It must be specifically alleged and proved by clear and convincing evidence which we find conspicuously lacking in this case." (Emphasis supplied) (p. 12)
Based upon this alleged conflict, we issued a writ of certiorari.
The difference in the quantum of proof required in an equity suit based upon fraud and the tort of deceit at common law was pointed out in Matthews v. Matthews, 133 So.2d 91 (Fla.App.2d, 1961):
"In the equity suit, it was necessary for the plaintiff to prove the allegations of his complaint by at least `clear and convincing evidence.' Parenthetically, some fraud-based equity situations require an even higher degree of proof. As contrasted with this, the classic tort of deceit at common law, requires proof by only a `preponderance of the evidence.'" (p. 94)
R.C.P.Rule 1.040, 30 F.S.A. providing for one form of action, effects consolidation of law and equity procedure, but does not affect substantive law in either.
Neither a court of equity nor a court of law can be said to have exclusive jurisdiction of a case involving fraud. 37 Am.Jur.2d, Fraud and Deceit, § 323. In any case, the separate procedure in the law and equity sides of the court were merged by adoption of R.C.P. Rule 1.040. Since law and equity courts exercise concurrent jurisdiction in cases of fraud (see Logan v. Logan, 22 Fla. 561, 1 Am.St.Rep. 212 (1886); Ferrall v. Bradford, 2 Fla. 508, 50 Am.Dec. 293 (1849); Norris v. Eikenberry, 103 Fla. 104, 137 So. 128 (1931); Ganaway v. Henderson, 103 So.2d 693 (Fla. App.1st, 1958)), there is no sound reason *53 for any distinction between law and equity so far as the proof requisite to establish fraud is concerned. See 37 Am.Jur.2d, Fraud and Deceit, § 469. The variety in the expressions used by the Florida courts to state the degree of proof necessary to establish fraud renders them far from satisfactory in establishing any workable rule.
We hold that only a preponderance or greater weight of the evidence is required to establish fraud, whether the action is at law or in equity. See 37 C.J.S. Fraud § 114; 37 Am.Jur.2d, Fraud and Deceit, §§ 468, 469.
The committee on standard jury instructions recommended that no instruction be given using the terms "preponderance of evidence" and "burden of proof" as they are considered not helpful to a jury. As a result, the standard jury instructions use the term "greater weight of the evidence." See Standard Jury Instructions Nos. 3.4, 3.5, 3.7. Standard Jury Instruction No. 3.9 reads as follows:
"`Greater weight of the evidence' means the more persuasive and convincing force and effect of the entire evidence in the case."
Although the standard jury instruction would have been more appropriate, the trial court did not commit error by using the words "preponderance of the evidence" in the instructions to the jury.
Those cases holding that allegations of fraud, in law or equity, must be proved by at least "clear and convincing evidence," or requiring any quantum of proof other than a preponderance or greater weight of the evidence, are hereby overruled.
The District Court of Appeal was correct in affirming the judgment of the lower court. The writ of certiorari is discharged.
ROBERTS, C.J., and ERVIN, CARLTON, BOYD, McCAIN and DEKLE, JJ. concur.