PER CURIAM.
We have considered this appeal from a final judgment based upon a directed verdict at the close of the plaintiff’s case. Upon the seeming theory that the action was one of fraud and a greater degree of proof was required than a simple preponderance of the evidence, the trial court stated,
"I believe counsel in alleging a cause of action in fraud and misrepresentation and in the proofs the law requires clear and convincing evidence as distinguished from a preponderance, even.
“I think that that part of the law is clear; that we have to go beyond a preponderance of evidence to reach a question of fraud and misrepresentation.
“I believe on the record, as it exists now, that there has not been that quantum of proof to show by clear and convincing evidence that the defendant in this case engaged in fraud and misrepresentation, and I believe that that quantum of proof is missing in this case.”
The recent case of Rigot v. Bucci, Fla.1971, 245 So.2d 51, establishes the law at present to be that in case of fraud such as this the plaintiff is only required to maintain his action by a preponderance of the evidence. From a review of this record we are convinced that the plaintiff made a clear prima facie case in that he surrendered his car, plus his obligation for an automobile admittedly represented to him as a 1965 model whereas in truth and in fact it was a 1964 model, which fact, *146 it might be inferred, was known to the seller.
The relationship of the parties is somewhat different in that the defendant is a knowledgeable dealer in automobiles, whereas the plaintiff possesses only that degree of knowledge and understanding of other ordinary people.
We are convinced that the ends of justice require a reversal of this judgment with directions that it be tried according to the rule enunciated in the above cited case.
Reversed and remanded with directions.
WALDEN and CROSS, JJ., and ADAMS, ALTO, Associate Judge, concur.