303 So.2d 427 (1974)
Warren Kingsbury PENDER, Appellant,
v.
George HATCHER and Holly Hatcher et al., Appellees.
No. 74-105.
District Court of Appeal of Florida, Second District.
November 27, 1974.
John E. Bassett, North Miami, for appellant.
Richard H. Langley, Clermont, for appellees.
BOARDMAN, Judge.
The appellant filed suit to quiet title in a certain parcel of real estate against the appellees, his adoptive father and half sister. In the bill of complaint he alleges that despite diligent search and inquiry he has been unable to locate the whereabouts of the defendants; that he was the fee simple title holder of the subject property; that the ages of the defendants were unknown, and that he paid taxes on the property since 1962. Affidavits for constructive service were filed and generally set out the above-mentioned factual circumstances.
In due course a default judgment was entered against the appellees for their failure to plead or otherwise answer. Subsequently, a final order was entered quieting the title to the said property in the appellant.
Approximately nine months later, the appellees moved to vacate and set aside the final order alleging therein that there was extrinsic fraud, concealment and misrepresentation practiced upon the trial court in that the factual allegations alleged in the complaint and the affidavits for constructive service were untrue.
Upon proper hearing and after consideration of the evidence adduced at the hearing, the trial court entered its order granting the motion to vacate and set aside the default judgment and final judgment previously entered in the case. This timely appeal ensued from that order.
Only a preponderance or greater weight of the evidence is required to establish fraud. Rigot v. Bucci, Fla. 1971, 245 So.2d 51. Once a legal ground for vacating a judgment and the existence of a meritorious defense are shown, the trial court may grant a motion to vacate. Winter Park Arms, Inc. v. Akerman, Fla.App. 4th, 1967, 199 So.2d 107.
Applying the foregoing settled principles of law to the facts presented in this case, we conclude that the trial judge *428 was acting within his sound discretion in granting appellees' motion to vacate and set aside. The trial judge, in his order vacating and setting aside the prior judgments entered in the cases, stated "... that there was concealment, misrepresentation and extrinsic fraud perpetrated on this Court." This finding, we submit should be left undisturbed for it is based on evidence that meets the required standard of proof, viz., preponderance or greater weight of the evidence. Accordingly, the order appealed is
Affirmed.
McNULTY, C.J., and GRIMES, J., concur.