PER CURIAM.
James C. Pelekis, Gus G. Pelekis and John S.Moraites appeal an order denying their petition to set aside the final judgment pursuant to Fla.R.Civ.P. 1.540(b). This case has had an extensive history. This action originated with a complaint filed in 1971 by the appellee, Florida Keys Boys Club, Inc., to quiet title in certain property allegedly conveyed to it by Pelekis in 1969. Pelekis counterclaimed and joined J. Bruce Vining and others, denying that he signed any deed to real property conveying title to the Florida Keys Boys Club, and further contending that if he had executed such a document, his signature on it had been fraudulently obtained.
After extensive discovery and much legal sparring among the parties, the ultimate deciding issue became whether or not the signature on the 1969 warranty deed, which purportedly conveyed the subject property to the Florida Keys Boys Club was, in fact, the signature of Pelekis or whether the deed was a forgery and, therefore, of no force or effect. In 1973, the trial court, after an extensive hearing, entered a final judgment adverse to the appellants and quieted title to the Florida Keys Boys Club’s property. The trial court also dismissed appellants’ counterclaim. No appeal was prosecuted from this judgment.
*850 In 1974, appellants filed a motion to vacate judgment alleging that the judgment quieting title should be vacated because (1) newly discovered evidence obtained by means of an ultra-violet examination of the deed justified reopening the case and (2) the witnesses’ signatures on the deed were fraudulently signed by the same person (i. e., Vining), thereby voiding the legal effect of the deed.
The trial court held a hearing on the motion to vacate the final judgment and entered an order denying the motion. The appellants appealed this order on the grounds that the trial court denied a request to depose Vining and his secretary and to compel them to produce exemplars of their handwriting for analysis. This court reversed and remanded the case to permit full discovery and in order to conduct a new evidentiary hearing on the motion to vacate. Pelekis v. Florida Keys Boys Club, 302 So.2d 447 (Fla. 3d DCA 1974).
Upon remand, the trial court entered an order requiring Vining to make available for examination copies of his handwriting. An interlocutory appeal was taken from this order concerning the scope of discovery. This court treated the appeal as a petition for writ of certiorari and held that the rules of discovery did not authorize the procedure employed by the trial court. It quashed the order with directions to the trial court. Florida Keys Boys Club, Inc. v. Pelekis, 327 So.2d 804 (Fla. 3d DCA 1976).
Finally, after a four day hearing on the merits, the trial court again entered an order denying the motion to vacate the final judgment. Appellants now appeal this order.
The appellants contend that the trial court abused its discretion in failing to vacate the final judgment in that the evidence presented clearly established fraud on the part of the appellees and the finding of the trial court was, therefore, against the manifest weight of the evidence.
Neither party has been able to cite to the court a reported case in which the standard of proof necessary for the establishment of fraud in a prior final judgment has been discussed. From a reading of the rule itself, providing that “. . . the court may relieve a party or his legal representative from a final judgment, decree, order or proceeding for the following reasons: ... (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party;” we conclude that the determination of fraud rests largely on the conscience of the trial court. See Hartley v. Hartley, 134 So.2d 281 (Fla. 2d DCA 1961). The Florida Rules of Criminal Procedure provide a somewhat analogous rule. See Fla.R.Crim.P. 3.850. The cases decided pursuant to motions to vacate hold that after conducting a full evidentiary hearing, as was done in this case, the trial court will not be reversed upon its determination that the judgment should not be set aside, unless the proof is at least by a preponderance or greater weight of the evidence. See Pender v. Hatcher, 303 So.2d 427 (Fla. 2d DCA 1974). This test is in keeping with the rule that proof of fraud, under our rules consolidating law and equity, should be by the greater weight of the evidence, which Standard Jury Instruction 3.9 defines as by “the more persuasive and convincing force and effect of the entire evidence in the case.” See Rigot v. Bucci, 245 So.2d 51 (Fla.1971). Therefore, we conclude that it is necessary in our review of the record to determine whether or not the evidence before the court can be said to be “by the greater weight of the evidence.” Although the appellants’ evidence before the trial court tended to support their allegations, the ap-pellees produced evidence which, if believed by the court, would constitute competent and substantial evidence upon which to deny the motion. It is not our function as an appellate court to substitute our judgment upon the totality of the evidence for that of the trial court. See Shaw v. Shaw, 334 So.2d 13 (Fla.1976); Cherney v. Cherney, 146 So.2d 914 (Fla. 3d DCA 1962); and Coulter v. Coulter, 97 So.2d 152 (Fla. 1st DCA 1957). This is not to say that in a proper ease it may not be found that the *851 evidence is so strong that the trial court may be found in error upon its denial of the motion; but in this instance, it is sufficient to say that the record does not present such a case.
The appellees have presented cross-assignments of error which are not necessary to consider in the light of our holding. Accordingly, the order of the trial judge is affirmed.
Affirmed.