MOORE, Judge.
Appellant sought compensatory and punitive damages from appellee in an action based upon fraud and deceit. At the conclusion of a jury trial the trial court granted a directed verdict in favor of appellee, finding that appellant had failed to present a prima facie case under a burden of proof requiring clear and convincing evidence to establish fraud and deceit. In doing so, the Court stated that appellant had met its burden if the test were a preponderance of the evidence.
The sole issue on appeal is whether fraud and deceit must be established by clear and convincing evidence or if the standard is one of “the greater weight of the evidence." We find the applicable test to be “greater weight of the evidence” and reverse.
In 1971, Justice Adkins, speaking for the Supreme Court in Bigot v. Bucci, 245 So.2d 51 (Fla.1971) seemed to settle this issue once and for all when he stated:
“We hold that only a preponderance or greater weight of the evidence is required to establish fraud, whether the action is at law or in equity. See 37 C.J.S. Fraud § 114; 37 Am.Jur.2d Fraud and Deceit, §§ 468, 469.”
The opinion went on to overrule “those cases holding that allegations of fraud, in law or equity, must be proved by at least ‘clear and convincing evidence’ . . . .”
Unfortunately, those cases which were overruled by Rigot were not cited by name because Rigot was apparently overlooked when Justice Sundberg, by obiter dictum, in Canal Authority v. Ocala Mfg. Ice and Packing Co., 332 So.2d 321 (Fla.1976), stated: “It is rudimentary that proof of fraud must be by clear and convincing evidence.”
*1119 The holding in Rigot and the gratuitous statement in Canal Authority are simply irreconcilable. Embarrassing though it may be, particularly for this author who concurred in Justice Sundberg’s opinion, we find Rigot to be controlling. That was the holding of that case; the statement in Canal Authority added nothing to the conclusion reached.
The burden of proving fraud and deceit is by the greater weight of the evidence. The trial court having held the appellant to a higher burden in granting the directed verdict, this cause must be reversed for a new trial.
REVERSED AND REMANDED.
ANSTEAD, J., and MOIE J. L. TEND-RICH, Associate Judge, concur.