422 So.2d 1073 (1982)
Dianne D. and David L. SPRAYBERRY, Appellants/Cross-Appellees,
v.
SHEFFIELD AUTO AND TRUCK SERVICE, INC., Appellee/Cross-Appellant.
No. AK-64.
District Court of Appeal of Florida, First District.
December 6, 1982.
*1074 Ernest W. Welch of Welch & Munroe, P.A., Tallahassee, for appellants/cross-appellees.
Frank E. Sheffield, Tallahassee, for appellee/cross-appellant.
JOANOS, Judge.
Appellants Dianne D. and David L. Sprayberry, plaintiffs below, argue the following points on appeal: (1) that the trial court improperly granted a directed verdict on the basis that the quantum of proof required of a plaintiff in a fraud case is clear and convincing evidence; (2) that the trial court improperly granted a remittitur in the amount of damages awarded by the jury, and (3) that the trial court erred in granting a directed verdict on their claim under the Motor Vehicle Information and Cost Savings Act (15 U.S.C. § 1981 et seq.). Sheffield Auto and Truck Service, Inc., urges the following issues in its cross-appeal: (1) that the trial court erred in denying its motion for directed verdict on the ground that the Sprayberrys failed to prove their case by a preponderance of the evidence; (2) that the trial court erred in allowing the issue of lost profits to be presented to the jury; and (3) that the trial court erred in allowing the introduction into evidence of damages sustained after David Sprayberry determined he had not gotten the benefits of his bargain. We affirm in part and reverse in part.
The central issue in this cause is whether the correct burden of proof in an action for fraud is a preponderance of the evidence standard or a clear and convincing evidence standard. Initially, we note that there is a divergence of view on this subject in the opinions of the various district courts of appeal and the Florida Supreme Court. Compare Rigot v. Bucci, 245 So.2d 51 (Fla. 1971); Blaeser Development Corp. v. First Federal Savings & Loan Association, 375 So.2d 1118 (Fla. 4th DCA 1979); Pelekis v. Florida Keys Boys Club, Inc., 358 So.2d 849 (Fla. 3d DCA 1978); Harrell v. Branson, 344 So.2d 604 (Fla. 1st DCA 1977); Pender v. Hatcher, 303 So.2d 427 (Fla. 2d DCA 1974) (a preponderance or greater weight of the evidence standard) with Canal Authority v. Ocala Mfg. Ice & Packing Co., 332 So.2d 321 (Fla. 1976); Headley v. Pelham, 366 So.2d 60 (Fla. 1st DCA 1978) (clear and convincing evidence standard). The better view of the authorities is that the correct burden of proof in an action for fraud is the preponderance or a greater weight of the evidence standard.
The Florida Supreme Court appeared to have definitively settled this issue in Rigot v. Bucci, supra, when it expressly and unequivocally held "that only a preponderance or greater weight of the evidence is required to establish fraud, whether the action is at law or in equity," and overruled *1075 all decisions holding to the contrary. 245 So.2d at 53. However, in Canal Authority, supra, a more recent case, the Florida Supreme Court apparently overlooked its earlier holding in stating: "It is rudimentary that proof of fraud must be by clear and convincing evidence." 332 So.2d at 327. In Canal Authority, the primary issue on appeal was whether the Canal Authority had the statutory authority to pursue an action in eminent domain against the appellee. The Court concluded that it did and then proceeded to state that, even if the Canal Authority lacked the requisite statutory authority, the only category of tort within which the allegations of the complaint could conceivably fall was fraud and deceit and it was "doubtful the allegations would satisfy the requirement that fraud be pleaded with particularity." Id. at 327. Proceeding onward, it then decided that the quality of evidence did not meet the clear and convincing standard requirement. Id. However, in so stating, it failed to note its earlier ruling in Rigot v. Bucci, supra. We therefore conclude that this statement in Canal Authority is superfluous to that decision and agree with the Fourth District Court of Appeal that it is obiter dictum. Blaeser Development Corp. at 1118. Further, we will not presume that the Court intended to overrule its earlier decision sub silentio. Accordingly, we find that a preponderance or greater weight of the evidence standard applies and expressly recede from any decisions to the contrary.
We disagree with appellants' argument that the trial court erred in directing a remittitur. The trial court determined that if the directed verdict was set aside by an appellate court the jury verdict should be reduced from $34,826.61 to $22,674.00. The trial court was correct in finding that no competent evidence was presented as to the difference in value between the 1978 International Harvester glider received by appellants and a used 1978 International Harvester which they were allegedly entitled to receive. Appellants have failed to demonstrate how the jury could properly have awarded more than $22,674.00 absent a consideration of that difference.
In addition, we agree with appellee's argument that the matter of lost profits should not have gone to the jury. Therefore, the damages should be reduced even further. Ordinarily, a party may not recover contractual damages, such as lost profits, in a tort action. Greater Coral Springs Realty, Inc. v. Century 21 Real Estate of Southern Florida, Inc., 412 So.2d 940 (Fla. 3d DCA 1982). This rule is subject to the limited exception found in Ashland Oil, Inc. v. Pickard, 269 So.2d 714 (Fla. 3d DCA 1972).
One who has been fraudulently induced into a contract may elect to stand by that contract and sue for damages for the fraud. When this happens and the defrauding party also refuses to perform the contract as it stands, he commits a second wrong, and a separate and distinct cause of action arises from the contract.
Id., at 723, quoting Bankers Trust Co. v. Pacific Employers Insurance Co., 282 F.2d 106, 110 (9th Cir.1960), cert. denied 368 U.S. 822, 82 S.Ct. 41, 7 L.Ed.2d 27. Appellants misapprehend the scope of this decision. Simply stated, Ashland Oil holds that an action for fraudulent inducement and breach of contract are not mutually exclusive and may be brought in the same suit. In this case, however, appellants have simply failed to allege any breach of contract. The first count of their suit alleges fraudulent inducement to contract. Their second alleges deceptive and unfair trade practices, while the third alleges violations of the Motor Vehicle Information and Cost Saving Act, 15 U.S.C. § 1981 et seq. There being no breach of contract claimed, the issue of lost profits should never have gone to the jury and the assessment of these damages must be stricken from the award.
We find no merit in the remaining points on appeal or on cross-appeal.
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this opinion.
BOOTH and WENTWORTH, JJ., concur.