427 So.2d 1051 (1983)
RUDY'S GLASS CONSTRUCTION COMPANY, Appellant,
v.
A.D. ROBINS, Appellee.
No. 82-594.
District Court of Appeal of Florida, Third District.
March 8, 1983.
As Corrected March 15, 1983.
*1052 Morales, Rudolph and Hevia and Nestor Morales, Miami, for appellant.
Pertnoy, Greenberg & Sobel and Stuart H. Sobel, Miami, for appellee.
Before HENDRY, NESBITT and BASKIN, JJ.
HENDRY, Judge.
Defendant, Rudy's Glass Construction Company, appeals from a final judgment pursuant to a jury verdict awarding $30,000 to plaintiff Robins. We affirm.
In August 1978, Rudy's, licensed in glass and glazing maintenance and repairs, contracted with Bambinowear, S.A., to remodel a store in Dadeland Mall for use as a children's clothing store. Several months later, plaintiff Robins, agent of the Bambinowear corporation and doing business as Supercalifragilistic, LTD, upon Rudy's assurance that construction was completed and inspections performed, requested a certificate of occupancy from the Dade County Building Department and proceeded to occupy the premises. On January 18, 1979, Robins was charged by the Building and Zoning Department with several violations, viz: failure to obtain proper permits, failure to comply with approved plans, failure to call for mandatory inspections, and failure to obtain final inspections prior to occupancy. Robins was required to appear in court on four occasions although the charges against him were ultimately nolle prossed by the State.
Following these events, Robins filed suit alleging that Rudy's Glass had promised to obtain all necessary permits and inspections, Robins had justifiably relied on Rudy's to fulfill this duty, and that Rudy's failure to do so led to Robins' arrest and subsequent embarrassment, humiliation and financial loss.
In summation at trial, Robins' attorney urged the jury to "set the standard of business morality." The jury then returned a $30,000 verdict for Robins even though only $15,000 had been requested. Rudy's motions for dismissal, directed verdict, and new trial were all denied.
From that judgment Rudy's brings this appeal, urging the following points of error: (1) Robins, as a mere agent of the contracting corporation, was neither a party nor a third-party beneficiary of the contract and had no standing to bring an action thereunder; (2) Robins failed to prove either negligence or intentional tort so as to recover under a tort theory; (3) the damage award, twice what the plaintiff asked for, indicates that the jury was assessing punitive damages which were unwarranted under the facts of this case; (4) introduction into evidence of lost profits was improper where none were claimed by the pleadings; and (5) closing argument by Robins' counsel, admonishing the jury to set a standard of business morality, was highly inflammatory.
On appeal, Robins has apparently waived the contract claim, contending that his cause of action is based on the intentional tort of misrepresentation. Accordingly, we do not address the first issue raised and turn solely to a determination as to whether the judgment is sustainable under a tort theory.
To prevail on a theory of fraudulent misrepresentation, each of the following five elements must be pled and proven: (1) a false statement of fact; (2) known by the defendant to be false at the time it was made; (3) made for the purpose of inducing the plaintiff to act in reliance thereon; (4) action by the plaintiff in reliance on the correctness of the representation; and (5) resulting damage to the plaintiff. Vance v. Indian Hammock Hunt & Riding Club, 403 So.2d 1367, *1053 1371 n. 7 (Fla. 4th DCA 1981); Amazon v. Davidson, 390 So.2d 383 (Fla. 5th DCA 1980); Poliakoff v. National Emblem Insurance Co., 249 So.2d 477 (Fla. 3d DCA), cert. denied, 254 So.2d 790 (Fla. 1971). A preponderance or "greater weight of the evidence" is the standard of proof by which fraud is established. Rigot v. Bucci, 245 So.2d 51 (Fla. 1971); Batista v. Walter & Bernstein, P.A., 378 So.2d 1321 (Fla. 3d DCA 1980); Blaeser Development Corp. v. First Federal Savings and Loan Ass'n of Martin County, 375 So.2d 1118 (Fla. 4th DCA 1979).
In the case before us, Robins testified at trial that Rudy's president, Rudolfo Villanueva, told him in October 1978 that the construction was complete and he could occupy the store. Robins further testified that in reliance upon this assurance he obtained a certificate of occupancy from the building department and began operation of the store. Evidence of Robins' arrest was introduced into the record and testimony with respect to the damages suffered was provided. There was thus ample basis to support the conclusion that Rudy's unqualifiedly represented that the premises were complete and ready for occupancy, particularly in light of the fact that no evidence was presented to refute this testimony. There was also ample basis to support the conclusion that the representation was false, for the necessary construction was not complete. Moreover, as overseer of the construction, Rudy's president had to have known that the work was not complete, nor the final inspection obtained, and that the statement was therefore false. The representation that all work was complete and inspections obtained was not a mere statement of opinion; it was an affirmative misstatement by one party of a fact which that party was required to accurately state to the other. There was also evidence to support the conclusion that the statement would induce Robins to act in reliance thereon since it was made in response to Robins' queries as to when the store could be opened. Not only does the evidence persuade us that Rudy's misrepresented to the plaintiff that the work was completed and all inspections performed, but it also convinced the jury which was not clearly wrong in concluding that the "plaintiff's arrest, prosecution and/or damage would not have occurred but for the defendant's failure" to obtain a valid inspection, as they were so instructed. That other factors (such as the building department's premature issuance of the certificate of occupancy) may also have contributed to the loss is not material so long as the misrepresentation was the operating factor. Accordingly, we conclude that Robins established each of the elements of fraud by a preponderance or greater weight of the evidence, see Rigot v. Bucci, supra; Batista v. Walter & Bernstein, P.A., supra; Blaeser Development Corp. v. First Federal Savings and Loan Ass'n of Martin County, supra, thus sustaining the allegations under the criteria set forth above.
Having determined that the plaintiff established fraud under the applicable standard of proof, we address Rudy's remaining arguments. First, Rudy's contention that the jury assessed punitive damages because it awarded Robins twice the amount he requested is without merit. The trial court expressly refused to instruct the jury on punitive damages and no argument was made to the jury in this regard. Furthermore, a jury may properly award damages equal to or in excess of those requested by counsel in closing argument. Lopez v. Cohen, 406 So.2d 1253 (Fla. 4th DCA 1981). The magnitude of a damage award, without more, is no indication that the jury was motivated by improper considerations in arriving at the award. Allred v. Chittenden Pool Supply, Inc., 298 So.2d 361 (Fla. 1974).
Next, Rudy's urges error in the court's allowance of testimony as to lost profits on the basis that such damages were not raised in the complaint. Assuming without deciding that such testimony was erroneous, any resulting error was rectified by the court's refusal to allow the issue of lost profits to be considered by the jury as an element of damage.
*1054 Finally, Rudy's contention that the closing argument by Robins' counsel, urging the jury to find that Rudy's failed to meet the standard of business morality, was improper was waived by failure of Rudy's counsel to move either for a mistrial or for an instruction that the jury disregard the comments. As the remark was not, in our opinion, highly inflammatory or prejudicial, reversal is not mandated. See Allred v. Chittenden Pool Supply, Inc., supra; Griffith v. Shamrock Village, 94 So.2d 854 (Fla. 1957); Seaboard Air Line Railroad Co. v. Strickland, 88 So.2d 519 (Fla. 1956); Russell v. Guider, 362 So.2d 55 (Fla. 4th DCA 1978), cert. denied, 368 So.2d 1373 (Fla. 1979).
No reversible error in the trial or jury verdict having been demonstrated, the judgment below is
Affirmed.