450 So.2d 867 (1984)
Theodore L. WIECZORECK, Appellant,
v.
H & H BUILDERS, INC., a Florida Corporation, Appellee.
No. 83-425.
District Court of Appeal of Florida, Fifth District.
May 3, 1984.
*868 Charles R. Steinberg of Holcomb, Theriac, Steinberg & Amari, Merritt Island, for appellant.
Charles M. Harris of Crofton, Holland, Starling, Harris & Severs, P.A., Titusville, for appellee.
DIAMANTIS, GEORGE N., Associate Judge.
Appellant, Theodore L. Wieczoreck, has filed an appeal from a final judgment dated January 19, 1983, entered in supplementary proceedings under section 56.29, Florida Statutes (1981), which found that he should be impleaded as a third party, and that the conveyance of certain real property to him *869 was null and void since it constituted a fraudulent conveyance for the purpose of delaying, hindering or defrauding the creditors of Nelson L. Davis.
On September 10, 1981 appellee, H & H Builders, Inc., filed a complaint against Nelson L. Davis to recover money lent to him. The trial court rendered a final judgment for appellee against Davis on August 12, 1982.
Subsequently, on September 7, 1982, the appellee filed a motion for a rule to show cause and order impleading a third party. This motion was accompanied by two affidavits of George Howard, president of H & H Builders. In one affidavit for proceedings supplementary, Howard stated that the sheriff attempted to levy on Davis' property in order to satisfy the judgment but no property was found. The second affidavit was filed in support of the rule to show cause and to implead Wieczoreck as a third party defendant. Howard, in that latter affidavit, stated that on the date the action against Nelson L. Davis was filed that he had an interest in Lot 11, Hilltop Manor Subdivision; however Howard believed that Davis conveyed the property to the appellant to delay, hinder or defraud creditors for the following reasons: (1) the parties were close social friends; (2) Nelson L. Davis used the services of Wieczoreck or his business in several commercial enterprises; (3) the transfer was made for an inadequate consideration; (4) the conveyance was made after this action was filed against Davis; (5) Nelson L. Davis has continued in possession of the premises and has made no payment to Wieczoreck but has only continued to make the mortgage payment to GECC Financial Services; and (6) the transfer to Wieczoreck either rendered Davis insolvent or greatly diminished his available assets.
Nelson L. Davis and Joan E. Davis, his former wife, conveyed that property to Wieczoreck by warranty deed dated October 26, 1981, for a stated consideration of $10.00. The deed was subject to the following conditions: (1) ad valorem taxes and solid waste charges for the year 1981 and subsequent years; (2) zoning, restrictions, prohibitions and other requirements imposed by governmental authority; (3) restrictions on matters appearing on the plat or otherwise, to the subdivision; (4) public utility easements of records; and (5) that certain mortgage in favor of Gulf Bay Financial Corporation dated June 18, 1979, in the original sum of $40,000.00, recorded June 25, 1979 ... and assigned by assignment of mortgage dated June 22, 1979 to GECC Financial Services recorded June 25, 1979... .
Upon the appellee's motion, the trial court ordered on September 3, 1982 that Wieczoreck was to show cause "why he should not be impleaded as a third party defendant, and if impleaded, for examination of the defendant and the impleaded third party in determination of the rights of the plaintiff against the defendant and third party defendant as to the property of the defendant which they have in their possession,... ."
This order to show cause further provided as follows:
"ORDERED and RULED that the defendant and the third party proposed to be impleaded shall file a written answer, a response or other written pleadings to this Rule to Show Cause and the attached affidavits (which shall be served with the Rule to Show Cause) on or before Oct. 1, 1982, and serve a copy thereof upon the attorney for plaintiff; ... ."
In an order dated October 8, 1982, the trial court denied Wieczoreck's motion to vacate the rule or order to show cause and gave him until October 15, 1982 in which to file an answer and the hearing which was set for October 7, 1982 was rescheduled for November 1, 1982.
At that hearing of November 1, 1982, appellant Wieczoreck, who was the only witness, testified that on October 16, 1981 he tendered $23,400.00 in cash for the property and that he would assume the liabilities that were on the property at that time. Although on that date the appellant knew that GECC had a second mortgage that would become the first mortgage after the *870 first mortgage with First Federal Savings and Loan Association of Fort Pierce was paid off, he did not know the exact amount of the other indebtedness on the property. Wieczoreck purchased the property from Nelson L. Davis and his former wife, Joan E. Davis, on October 16, 1981, the day it was sold in a foreclosure suit to the mortgagee, First Federal Savings and Loan Association of Fort Pierce. Appellant paid the $23,400.00 to that Savings and Loan Association with Nelson L. Davis paying an additional sum of approximately $20,000.00 to the First Federal Savings and Loan Association of Fort Pierce to redeem the property.
Appellant subsequently discovered that there were additional liens to the $40,000.00 one of GECC Financial Services against the property entered prior to his purchase of the property. These liens were as follows: (1) Sentinel Star  $922.58; (2) John Sexton Company  $286.00; (3) D Q Corporation  $3,159.30; (4) Alfa Electric  $1,154.63; (5) Donald E. Biddelle  $16,944.46; (6) Department of Revenue  $248.00; (7) Howard Armstrong  $9,079.61; (8) Frank Pallachowski  $9,968.25; and (9) county taxes  $1,629.52. The amount of the liens, including the GECC one, interest charges and other matters totaled approximately $125,292.00.
The appellant further testified that he had satisfied two of these liens (the county taxes and the Howard Armstrong judgment lien) and that he had agreed to satisfy the remaining liens. Appellant also testified that at the time that he purchased the property, he was not aware of the pending action by the appellee against Davis nor did he and Davis ever discuss the sale in terms of Davis avoiding payment to appellee.
Appellant gave testimony regarding the circumstances of his purchase of the property. Some years ago he worked on the house, liked it, and told Davis to let him know if he would ever consider selling it. One night appellant saw Joan E. Davis, who told him that her former husband was having problems and stood a chance of losing the property because of a foreclosure action. For the past couple of years appellant saw Davis only at an occasional lunch. Joan E. Davis had her former husband call appellant, and Davis told appellant about his situation and what he needed. Although Davis first asked if appellant would loan him money, appellant said no, that he would buy the property instead. Davis then asked if appellant would give him a sixty day option to buy the property or house back for approximately $24,000.00. Appellant gave him a ninety day option and leased the house to him during that period for $730.00 a month, which Davis paid directly to GECC Financial Services (the mortgage payments are approximately $720.00 per month). Davis is currently in the house as a tenant on a month-to-month basis paying $1,650.00 a month as rent. The option is no longer in effect. Appellant intends to move into the house prior to age fifty-five (when he testified on November 1, 1982, he was fifty years old) because of a capital gains tax advantage. Appellant also stated that he did not promise Davis that he would pay the claims against the property and that he did not do a title search until after Davis failed to exercise his option. Wieczoreck further testified that he sat at dinners at the Rotary Club with Davis while Davis was married and that they had visited each other's homes socially on one occasion. Appellant stated that he did not have a long-term business relationship with Davis, but had done work for him on occasion. Davis told appellant that he thought the fair market value of the property was between $185,000.00 to $200,000.00. Appellant said that there was no time to do the title search and that he would not do such a search until the option was not exercised.
The trial court set aside the conveyance and directed the sheriff to levy on the interest of Nelson L. Davis that he conveyed to appellant for the following reasons: (1) said conveyance took place after the action was filed and service of process was obtained against defendant, Nelson L. Davis; (2) that at the time of said conveyance Nelson L. Davis was heavily indebted and had judgments against him; (3) that *871 Wieczoreck was a business and social friend of Nelson L. Davis; (4) that Nelson L. Davis as owner of the property estimated the value of the property conveyed at between $185,000.00 and $200,000.00; (5) that after the conveyance Davis was made judgment proof; (6) Wieczoreck paid only $23,400.00 for the property and this was paid (along with additional money from Nelson L. Davis) to First Federal Savings and Loan Association; Wieczoreck paid nothing to either Nelson L. Davis or Joan E. Davis; (7) the deed to Wieczoreck placed no obligation at all on him to pay any creditors of Nelson L. Davis; (8) in fact, no other creditors were paid until after the hearing in this case and only then on the eve of court proceedings; (9) that a secret lease, i.e., an unrecorded lease, permitted Nelson L. Davis to remain in possession of the property by paying no obligations other than what he would have paid as owner, to wit: the mortgage paid directly to the mortgage company; (10) Davis controlled his possession of the premises; and (11) the consideration purportedly paid for the property was grossly inadequate.
Appellant initially maintains that he was denied procedural due process of law because he was not fully impleaded as a third party until the final judgment which simultaneously divested him of any and all interest in the real property deeded to him by Nelson L. Davis and Joan E. Davis, his former wife.
Although section 56.29, Florida Statutes (1981), does not prescribe the procedure for impleading third party defendants, the case law of this State establishes the proper procedure. Robert B. Ehmann, Inc. v. Bergh, 363 So.2d 613 at 615 (Fla. 1st DCA 1978). Under the decisional law interpreting section 56.29, there are two jurisdictional prerequisites for supplementary postjudgment proceedings: (1) a returned and unsatisfied writ of execution; and (2) an affidavit averring that the writ is valid and unsatisfied, along with a list of third persons to be impleaded. Tomayko v. Thomas, 143 So.2d 227 at 229-30 (Fla. 3d DCA 1962). Once these jurisdictional criteria are met, the "statute should be given a liberal construction so as to afford to the judgment creditor the most complete relief possible." Richard v. McNair, 121 Fla. 733, 164 So. 836 at 840 (Fla. 1935); General Guaranty Ins. Co. of Fla. v. DaCosta, 190 So.2d 211 at 213 (Fla. 3d DCA 1966). The appellee in this case has established by its affidavits that its writ of execution was valid and returned unsatisfied as well as naming the appellant as the party to be impleaded.
The authority and duty of a court to implead third parties is clear. Richard v. McNair, supra, 164 So. at 840. Impleading those parties whose interest may be affected by the court's rulings is necessary both to acquire jurisdiction over them and to afford them procedural due process. Id., 164 So. at 840-41; Ryan's Furniture Exchange, Inc. v. McNair, 120 Fla. 109, 162 So. 483 at 487 (Fla. 1935); State ex rel. O'Dare v. Kehoe, 189 So.2d 268 at 269 (Fla. 3d DCA 1966), cert. denied, 200 So.2d 812 (Fla. 1967); Tomayko v. Thomas, supra, 143 So.2d at 229; Florida Guaranteed Securities, Inc. v. McAllister, 47 F.2d 762 at 765 (S.D.Fla. 1931). Such impleading, however, does not in of itself imply liability on the part of the impleaded third parties. General Guaranty Ins. Co. of Fla. v. DaCosta, supra, 190 So.2d at 214. It provides them with an opportunity to raise their defenses and protect their interests consistent with genuine due process. Id.; Tomayako v. Thomas, supra, 143 So.2d at 229-30. The fundamentals of procedural due process are (1) a hearing (2) before an impartial decision-maker, after (3) fair notice of the charges and allegations, (4) with an opportunity to present one's own case. Neff v. Adler, 416 So.2d 1240 at 1242-43 (Fla. 4th DCA 1982); Mission Bay Campland, Inc. v. Sumner Financial Corp., 71 F.R.D. 432 at 435 (M.D.Fla. 1976).
A judgment creditor should establish a prima facie case, by testimony under oath, that the proposed third party defendant holds assets subject to his claim, and the proposed third party should be given an opportunity to respond in writing before a *872 hearing. Robert B. Ehmann, Inc. v. Bergh, supra, 363 So.2d at 615. In other words, if the examination of the judgment creditor establishes his claim to property in the hands of a third party, the trial court should then issue an order to show cause setting forth the findings of specific assets or transactions to which the third party can respond in writing prior to further hearings. Conway Meats, Inc. v. Orange Ave. Ptshp., 440 So.2d 674 at 676 (Fla. 1st DCA 1983).
In the instant case, the appellant received (1) a hearing (2) before an impartial decision-maker, after (3) fair notice of the charges and allegations, (4) with an opportunity to present his own case. Further, the order to show cause, with the attached affidavits, set forth the findings regarding the specific property or transaction involved in this case to which appellant responded in writing by answer prior to the rescheduled hearing of November 1, 1982 from October 7, 1982.
Although it may have been better procedure for the trial court to have entered an order first impleading the appellant and then an order setting aside the conveyance, we cannot say that the procedure utilized in the case at bar did not comport with procedural due process of law.
Secondly, the appellant attacks the sufficiency of the evidence first to implead him and then to set aside the subject conveyance as a fraud on creditors.
We find that the evidence was sufficient to implead the appellant in that the appellee made a prima facie case to implead Wieczoreck.
The more difficult question turns on whether there was sufficient evidence to support the lower court's finding of a fraudulent transfer. Central to this issue is whether the current burden of proof in an action based on fraud is a preponderance of the evidence (currently referred to as the greater weight of the evidence) or a clear and convincing standard. Neither the appellant nor the appellee has addressed this specific issue. However, we shall.
Initially, we note that there is a divergence of opinion on this point in the decisions of the various district courts of appeal and the Florida Supreme Court. Compare Rigot v. Bucci, 245 So.2d 51 (Fla. 1971); Watson Realty Corporation v. Quinn, 435 So.2d 950 (Fla. 1st DCA 1983); Sprayberry v. Sheffield Auto & Truck Service, 422 So.2d 1073 (Fla. 1st DCA 1982), review dismissed, 427 So.2d 738 (Fla. 1983); Blaeser Development Corp. v. First Federal Savings and Loan Association, 375 So.2d 1118 (Fla. 4th DCA 1979); Pelekis v. Florida Keys Boys Club, Inc., 358 So.2d 849 (Fla. 3d DCA 1978); Harrell v. Branson, 344 So.2d 604 (Fla. 1st DCA), cert. denied, 353 So.2d 675 (Fla. 1977); Pender v. Hatcher, 303 So.2d 427 (Fla. 2d DCA 1974); the concurring opinion in Barber v. Hatch, 380 So.2d 536 at 537 (Fla. 5th DCA 1980) (a preponderance or greater weight of the evidence standard) with Canal Authority v. Ocala Mfg. Ice & Packing Co., 332 So.2d 321 (Fla. 1976); McCrary v. Bobenhausen, 366 So.2d 77 (Fla. 1st DCA 1978); Headley v. Pelham, 366 So.2d 60 (Fla. 1st DCA 1978) (clear and convincing evidence standard).
We hold that the preponderance of the evidence or a greater weight standard constitutes the correct and current burden of proof in an action based on fraud.
In Rigot v. Bucci, supra, the Florida Supreme Court appeared to have settled this matter when it expressly and unequivocally held "that only a preponderance or greater weight of the evidence is required to establish fraud, whether the action is at law or in equity," and overruled all decisions holding to the contrary. Id. at 53. However, in Canal Authority, supra, a more recent decision, the Florida Supreme Court without mentioning its earlier holding stated: "It is rudimentary that proof of fraud must be by clear and convincing evidence." 332 So.2d at 327. In that later case, the main issue on appeal dealt with whether the Canal Authority possessed the requisite statutory authority to maintain a *873 condemnation action against the appellee. Id. at 326. The Supreme Court concluded that the Canal Authority did and then gratuitously stated that even if the Canal Authority lacked this statutory authority the only category of tort within which the allegations of the appellee's complaint could conceivably fall was fraud and deceit and it was "doubtful that the allegations would satisfy the requirement that fraud be pleaded with particularity." Id. at 327. Then that Court continuing its gratuitous comments stated that the appellee's evidence did not meet the clear and convincing standard of proof. Id. at 327.
Consequently, we hold that the Supreme Court's statement in Canal Authority, supra, that proof of fraud must be by clear and convincing evidence is obiter dictum and in this regard we agree with the First District Court of Appeal in Sprayberry, supra, 422 So.2d at 1075 and the Fourth District Court of Appeal in Blaesear Development Corp., supra, 375 So.2d at 1118-19. Earlier in its opinion, the First District Court of Appeal in Sprayberry, supra, 422 So.2d at 1074 had referred to its earlier decision in Headley v. Pelham, supra, 366 So.2d 60 (a fraudulent transfer case) which had opted for the clear and convincing standard. However, in Sprayberry, supra, 422 So.2d at 1075 the First District Court of Appeal receded from any decisions to the contrary when it held the preponderance or greater weight of the evidence standard applies to actions based on fraud.
Therefore, applying the preponderance or greater weight standard to the instant case, we hold that there was sufficient competent evidence to support the lower court's ruling in setting aside the subject conveyance as a fraud upon the creditors of Nelson L. Davis and directing the Sheriff to levy on the interest of Mr. Davis in the property involved in this case. This standard has been defined as the more persuasive and convincing force and effect of the entire evidence in the case. See Standard Civil Jury Instruction Number 3.9. The lower court could find by the preponderance or greater weight of the evidence that the requisite elements of a fraudulent transfer by Davis existed in this case. See Cleveland Trust Company v. Foster, 93 So.2d 112 at 114 (Fla. 1957); Temple Terrace Assets Co. v. Wason, 120 Fla. 638, 163 So. 72 at 75-76 (Fla. 1935); Weathersbee v. Dekle, 107 Fla. 517, 145 So. 198 at 199-200 (Fla. 1933); Money v. Powell, 139 So.2d 702 at 703-704 (Fla. 2d DCA 1962); Banner Construction Corporation v. Arnold, 128 So.2d 893 at 896 (Fla. 1st DCA 1961); United States v. Fernon, 640 F.2d 609 at 613 (5th Cir.1981) (applying Florida law); Davis v. Nielson, 9 Wash. App. 864, 515 P.2d 995 at 1000 (Wash. App. 1st Div., Panel Two 1973) for a discussion of the factors which are necessary to constitute a fraudulent transfer.
To constitute a fraudulent conveyance there must be a creditor to be defrauded, a debtor intending fraud, and a conveyance of property which is applicable by law to the payment of the debt due. Bay View Estates Corp. v. Southerland, 114 Fla. 635, 154 So. 894 at 900 (Fla. 1934). Obviously, appellee stood as a creditor of Nelson L. Davis. Further, Davis' interest in the subject property would be subject to the payment of appellee's judgment. "A fraud upon creditors consists in the intention by the debtor to prevent his creditors from recovering their just debts by withdrawing his property from the reach of his creditors... . As the fraud rests upon the debtor's intent, it must exist at the time of the transfer." Id. at 900. This intention can be found from the existence of certain indicia or badges of fraud. Cleveland Trust Co. v. Foster, supra, 93 So.2d at 114.
The factors which are recognized in these cases as indicia of fraud are numerous. Generally, the most important ones that these cases have recognized are the insolvency or indebtedness of the transferee; lack of consideration, or in some cases grossly inadequate consideration, for the conveyance; retention by the debtor of possession of the property; or a relationship between the transferor and the transferee; the reservation of benefit to the transferee; the pendency or threat of litigation; *874 secrecy or concealment; and the transfer of the debtor's entire estate.
While a single badge of fraud standing alone may only generate little more than a suspicious circumstance, insufficient in itself to constitute the requisite fraud to set aside a conveyance, several of them when considered together may afford a basis from which its existence can be properly inferred. Banner Construction Corporation v. Arnold, supra, 128 So.2d at 896.
The trial judge could properly conclude by the preponderance or greater weight of the evidence that the requisite badges of fraud that he found were present in this case.
Since Joan E. Davis was neither a party to the proceedings in the lower court nor involved in this appeal, we make no determination regarding her interest in the subject property. The only matter before the trial court and this court involves the interest of Nelson L. Davis in the subject property.
Because of the divergent views on the issue of the evidence standard applicable to actions based upon fraud, we have decided to certify the following question to the Florida Supreme Court, deeming it to be of great public importance:
IS IT NECESSARY TO ESTABLISH FRAUD IN ANY ACTION, WHETHER THE ACTION IS AT LAW OR IN EQUITY, BY ONLY A PREPONDERANCE OR GREATER WEIGHT OF THE EVIDENCE AS OPPOSED TO A CLEAR AND CONVINCING STANDARD OF PROOF?
The final judgment as between the parties to this appeal is affirmed.
AFFIRMED.
DAUKSCH and COBB, JJ., concur.