475 So.2d 227 (1985)
Theodore L. WIECZORECK, Petitioner,
v.
H & H BUILDERS, INC., Respondent.
No. 65418.
Supreme Court of Florida.
August 30, 1985.
Charles R. Steinberg of Rice, Steinberg and Stutin, Orlando, for petitioner.
Kenneth Friedland of Holland, Starling and Severs, Titusville, for respondent.
ADKINS, Justice.
The Fifth District Court of Appeal certified to us the following question of great public importance:
Is it necessary to establish fraud in any action, whether the action is at law or in equity, by only a preponderance or greater weight of the evidence as opposed to a clear and convincing standard of proof?
*228 Wieczoreck v. H & H Builders, Inc., 450 So.2d 867, 874 (Fla. 5th DCA 1984). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
Conflicting pronouncements by this Court as to the quantum of proof necessary to support an allegation of fraud have prompted certification of the above question. In Rigot v. Bucci, 245 So.2d 51 (Fla. 1971), we held that "only a preponderance or greater weight of the evidence is required to establish fraud, whether the action is at law or in equity." Id. at 53 (citations omitted). Acknowledging that law and equity courts exercise concurrent jurisdiction in cases of fraud, we concluded that "there is no sound reason for any distinction between law and equity so far as the proof requisite to establish fraud is concerned." Id. at 52-53.
In Canal Authority v. Ocala Mfg., Ice and Packing Co., 332 So.2d 321 (Fla. 1976), however, this Court stated that "[i]t is rudimentary that proof of fraud must be by clear and convincing evidence." Id. at 327, citing two pre-Rigot decisions from the district courts of appeal. These authorities were, however, expressly overruled in Rigot and consequently are of no precedential value. 245 So.2d at 53.
We hereby recede from that portion of the Canal Authority opinion to the extent it announces a rule of law contrary to that expressed in Rigot. We recently so held in Watson Realty Corp. v. Quinn, 452 So.2d 568 (Fla. 1984).
By agreement the parties have stipulated that "this cause be dismissed pursuant to a settlement." We retained jurisdiction for the sole purpose of answering the certified question. Nothing in our opinion today shall be taken to affect the rights of the parties to this cause.
The certified question is answered accordingly.
It is so ordered.
BOYD, C.J., and ALDERMAN, EHRLICH and SHAW, JJ., concur.
OVERTON, J., dissents with an opinion, in which McDONALD, J., concurs.
OVERTON, Justice, dissenting.
I dissent. By lessening the burden of proof needed to establish a cause of action in equity, the majority opinion will greatly affect the strength and reliability of written documents in property and commercial transactions. In my opinion, no justification exists for this substantial modification of a well-established rule of law.
I distinguish Rigot v. Bucci, 245 So.2d 51 (Fla. 1971), and Watson Realty Corp. v. Quinn, 452 So.2d 568 (Fla. 1984), relied on by the majority, because those cases did not concern the proper burden of proof when an equitable remedy, such as cancellation, rescission, reformation, or denial of enforcement of a written instrument, is sought. Both Rigot and Watson Realty were actions at law in which the plaintiffs alleged fraud and sought damages as their sole remedies. No written instruments were being cancelled, rescinded, reformed, or enforced. I agree that in those two cases this Court properly established that, where the remedy sought is damages, the appropriate standard of proof for fraud is the greater weight of the evidence. Traditionally, however, Florida law requires "clear and convincing evidence" to cancel, rescind, or reform a written document or deny its enforcement. See Kanter v. Safran, 82 So.2d 508 (Fla. 1955), and Kanter v. Safran, 68 So.2d 553 (Fla. 1953) (enforcement of lease); Bell Corp. v. Bahama Bar & Restaurant, Inc., 74 So.2d 292 (Fla. 1954) (reformation of lease); Beverly Beach Properties, Inc. v. Nelson, 68 So.2d 604 (Fla. 1953), cert. denied, 348 U.S. 816, 75 S.Ct. 27, 99 L.Ed. 643 (1954) (reformation of lease); Fletcher v. Moriarty, 62 Fla. 482, 56 So. 437 (1911) (cancellation of lease); Prior v. Davis, 58 Fla. 510, 50 So. 535 (1909) (reformation of deed). See also Harris v. Harris, 260 So.2d 854 (Fla. 1st DCA 1972) (cancellation of deed); Sobel v. Lobel, 168 So.2d 195 (Fla. 3d DCA 1964) (reformation of stock sale agreement); Nussey v. Caufield, 146 So.2d 779 (Fla. 2d DCA 1962) (cancellation of deed and mortgage).
*229 The majority fails to discuss the common law reason, previously reaffirmed by this Court, for requiring the greater burden of proof: the need for strength and reliability of written agreements in the market place. Further, the equitable remedy of cancellation, rescission, reformation, or refusal to enforce a written document is generally viewed as a much harsher remedy than damages. The majority gives no public policy reason for the change except a need for uniformity.
In my opinion, the strength, reliability, and viability of written documents will be substantially weakened by this decision. Where the remedy sought is the denial of enforcement or the cancellation, rescission, or reformation of a written document, I find that the burden of proof must be by clear and convincing evidence, whether the grounds be fraud, mistake, or otherwise. For these reasons, I respectfully dissent.
McDONALD, J., concurs.