592 So.2d 1194 (1992)
Gary W. JOHNSON, Individually and Gary W. Johnson, As Trustee, Appellant,
v.
Phyllis Johnson DOWELL, F/K/a Phyllis G. Johnson, Appellee.
No. 91-00171.
District Court of Appeal of Florida, Second District.
January 17, 1992.
Rehearing Denied February 12, 1992.
*1195 Daniel B. Schuh, St. Petersburg, for appellant.
Patrick T. Maguire, Clearwater, for appellee.
SCHOONOVER, Chief Judge.
The appellant, Gary W. Johnson, challenges a final judgment which declared void a deed from himself to Gary W. Johnson as trustee and enforced the appellee's judgment lien on the property which had been conveyed by that deed. We reverse.
The appellant and the appellee, Phyllis Johnson Dowell, f/k/a Phyllis G. Johnson, formerly husband and wife, were divorced in the state of Illinois in 1980. In addition to many other requirements of the dissolution which are not material to this appeal, a marital settlement agreement, the final judgment dissolving the parties' marriage, and a subsequent agreed order amending the settlement agreement required the appellee to convey a condominium in Florida *1196 to the appellant and required the appellant to pay certain sums to the appellee. The agreed order required the appellant to pay to the appellee the sum of $30,000 on January 1, 1983. The payment of this sum and other amounts due the appellee was to be secured by an assignment of a beneficial interest in the marital residence which was in "the land trust in title to the family home" in Illinois or other security approved by the wife's attorney. The order provided further that if the family residence was sold, all payments, including the $30,000, would accelerate and be payable from the proceeds of the sale.
The appellee, pursuant to the parties' agreement, executed and delivered to the appellant a quit claim deed to the Florida condominium, the property involved in this action. The next day the appellant executed a warranty deed for the condominium to himself as trustee. The deeds and the irrevocable Illinois land trust agreement, which concerned the same condominium and which was executed after the deeds, were all recorded in Florida in December 1981.
In 1984, when the appellant had not fulfilled his obligations under the marital settlement agreement, the final judgment, and the agreed order, the appellee filed a law suit against him in Pinellas County, Florida. On June 7, 1985, the parties settled that action. The stipulation entered into between the parties once again referred to the former marital residence in Illinois. The stipulation provided that the parties would execute whatever instruments were necessary to amend the trust agreement to transfer all but the appellee's security interest in the former marital residence to the appellant. The stipulation provided further that the appellee would place in escrow all instruments necessary to release her security interest in the trust agreement or the final judgment in the dissolution case and in the case being litigated. The instruments were to be delivered to the appellant upon the discharge of all of his obligations. When the appellant did not comply with all of the terms of the stipulation, a final judgment in the amount of $33,366.08 was entered against him on January 17, 1986.
In 1988, the appellee filed the instant action against the appellant, individually and as trustee of the trust in which the condominium had been placed. The appellee's complaint sought to enforce her final judgment by foreclosing on the appellant's condominium. At the final hearing held in connection with this matter, the parties introduced exhibits supporting the above described events and the only testimony presented to the court was the testimony of the parties themselves. At the conclusion of the proceedings, the court found in favor of the wife and entered a judgment declaring that the deed conveying the condominium from the appellant to himself as trustee was void at its inception and that the appellant was the continuing owner of the property. The court specifically found that the trust was utilized for the purpose of defeating the claim and recovery of the wife. The court also found that there was sufficient indicia of fraud to support the finding of its intent: consideration paid for the trust deed; the transfer to a related party; continued retention and possession of control by the appellant; the concealment of the transaction for two years; and the appellant's retention of the right to all proceeds from the sale of any real property placed in the trust. The appellant filed a timely notice of appeal from the final judgment which declared that the appellant was the owner of the property and that the appellee's judgment was a lien subject to foreclosure on that property.
In order to establish a fraudulent conveyance it is necessary to establish that there is a creditor to be defrauded, a debtor intending fraud, and a conveyance of property which is applicable by law to the payment of the debt due. Wieczoreck v. H & H Builders, Inc., 450 So.2d 867, 873 (Fla. 5th DCA 1984); Bay View Estates Corp. v. Southerland, 114 Fla. 635, 154 So. 894, 900 (Fla. 1934). A conveyance of property applicable by law to the payment of the claim was present in this case. The appellant contends, however, that the appellee did not establish a debt and that the intent to *1197 commit a fraud was not evident. Here, we find the appellant's obligation to the appellee was fixed and although not payable at the time of the transfer, constituted a claim or debt making her a creditor. See Bentley Brahman Ranch, Inc. v. City Nat'l Bank, 202 So.2d 863 (Fla. 2d DCA 1967). If the appellant's obligation to the appellee had not been secured by property in Illinois, we would also disagree with his contention that there was insufficient evidence of intent to defraud.
Fraud rests upon the debtor's intent at the time of the transfer. Wieczoreck, 450 So.2d at 873. A creditor may prove a conveyance in fraud by establishing a prima facie case that is unrebutted or by demonstrating actual fraudulent intent. Advest, Inc. v. Rader, 743 F. Supp. 851, 854 (S.D.Fla. 1990). Even though direct evidence does not support the court's holding that the appellant utilized the trust with the intention to hinder or defeat the appellee's claim, this intention can be found from the existence of certain indicia or badges of fraud. Wieczoreck, 450 So.2d at 873; Advest, 743 F. Supp. at 854. A single badge of fraud may only create a suspicious circumstance and may not constitute the requisite fraud to set aside a conveyance, but several of them when considered together may afford a basis to infer fraud. Banner Constr. Corp. v. Arnold, 128 So.2d 893, 896 (Fla. 1st DCA 1961).
The trial court in this case found a lack of consideration paid for the deed, the transfer to a related party, a continued retention and possession of control by the appellant, a transaction concealed for two years, and the appellant's retention of the right to all proceeds from the sale of any real property placed in the trust. These findings of badges of fraud were supported by the record and if the appellant's obligation had not been secured, would have been sufficient to create an inference of fraud and to uphold the court's judgment. See Wieczoreck; Advest.
When an obligation is secured, however, if the security is sufficient, or if insufficient and the creditor cannot establish that he was relying on the general credit in addition to the security, the inference of fraud does not arise by merely establishing badges of fraud. See Bay View Estates Corp., 154 So. 894; Bentley Brahman Ranch, Inc., 202 So.2d 863. In this case at the time of the transfer, the appellant's obligation to the appellee was secured by the parties' home in Illinois. Since the intent at the time of the transfer controls, and since the deed to the trust was executed almost immediately after the court approved an agreement making the Illinois property security for the obligation, the fact that the husband did not subsequently execute certain documents did not change the obligation into an unsecured one. The parties themselves, several years after the deed was executed and after it was recorded, recognized that the obligation was secured when they settled the action which resulted in the judgment the appellee is seeking to enforce. Accordingly, since the obligation was secured and the appellee did not allege or prove that the security for its payment was insufficient or that they were relying on the general credit of the appellant, the inference of fraud did not arise. Without that inference the court erred in setting aside the deed from the appellant to himself as trustee. Advest, 743 F. Supp. at 854-55; Bay View Estates Corp., 154 So. at 901. We reverse and remand with directions to enter a judgment for the appellant.
Reversed and remanded with instructions.
CAMPBELL and PARKER, JJ., concur.