WARNER, Judge.
In entering final judgment in favor of ap-pellees in this action for fraudulent misrepresentation in connection with the sale of a yacht, the trial court stated, “Plaintiffs have not proven by the greater weight of the evidence the requisites by clear and convincing evidence of fraud as being committed by the Defendants, all or any.” Later the court wrote, “Plaintiffs have failed to prove by the preponderance of the evidence, ‘clear and convincing evidence’ as to the type of activities committed by named individual Defendants pursuant to the law cited as being applicable.... ” Because the trial court appears to have applied an incorrect standard of proof, we reverse.
 The standard of proof in a fraud action is a preponderance or greater weight of the evidence. Wieczoreck v. H & H Builders, Inc., 475 So.2d 227 (Fla.1985). It is unclear what standard the trial judge used in considering the evidence in this case, since the judgment refers both to “greater weight” and “clear and convincing” in the same sentence. “A party is entitled to have his case judged under a correct standard of proof; and it is conceivable to us that a ‘miscarriage of justice’ can occur when an incorrect standard is applied.” Powerhouse, Inc. v. Walton, 557 So .2d 186, 187 (Fla. 1st DCA 1990). An examination of the record reveals that there was evidence going both ways on the issues. Thus, there exists at least a “reasonable probability” of a different result if the correct standard were applied, although we do not suggest or imply that the result reached by the trial court could not have been reached with the application of the proper standard of proof. The appellees have made no response at all to this argument in their brief, thus failing to give us any ground upon which we could treat this as harmless error.
On the related appeal from the order denying attorney’s fees, we affirm. The ap-pellee’s request for attorney’s fees prior to trial relied only on section 57.105(1), Florida Statutes (1991). Thus, appellee is limited to that basis for recovery, as the trial court found. See Stockman v. Downs, 573 So.2d 835 (Fla.1991). This is clearly not a case having no justiciable issues of fact or law.
We therefore affirm the order denying attorney’s fees but reverse the final judgment and remand for a reconsideration of this case by the trial court applying the proper standard of proof.
GUNTHER, J., concurs.
HERSEY, J., dissents without opinion.