664 So.2d 1074 (1995)
Carwin BLEIDT, Limited Gaming of America, Inc., etc., et al., Appellants,
v.
Robert LOBATO, Appellee.
No. 94-2727.
District Court of Appeal of Florida, Fifth District.
December 1, 1995.
Scott R. Rost of Doran, Walters, Rost, Selter & Wolfe, Daytona Beach, for Appellants.
James A. Chereskin of Cameron, Marriott, Walsh, Hodges & D'Assaro, P.A., Daytona Beach, for Appellee.
EN BANC.
COBB, Judge.
The final judgment in these proceedings supplementary is affirmed. We consider this case en banc in order to recede from Wieczoreck v. H & H Builders, Inc., 450 So.2d 867 (Fla. 5th DCA 1984), overruled on other grounds, Exceletech, Inc. v. Williams, 579 So.2d 850 (Fla. 5th DCA 1991), affirmed, 597 So.2d 275 (Fla. 1992). In Wieczoreck, this court ruled that under section 56.29, Florida Statutes, a jurisdictional prerequisite for supplementary post-judgment proceedings is a returned and unsatisfied writ of execution. As authority for this pronouncement, the court relied on Tomayko v. Thomas, 143 So.2d 227 (Fla. 3d DCA 1962). Tomayko, however, was decided before section 56.29 *1075 was amended in 1967. The amended version of the statute eliminates the requirement that the writ of execution be returned unsatisfied so that the judgment creditor need only have a writ of execution which remains unsatisfied. See Standard Property Investment Trust v. Luskin, 585 So.2d 1099 (Fla. 4th DCA 1991). Accord, Trawick, Florida Practice & Procedure § 27-9; 2 Rakusin, Florida Creditors' Rights Manual, Ch. 8, p. 9 (D & S 1993). We recede from our erroneous pronouncement in Wieczoreck.[1] Accordingly, we reject the appellants' claim that return of an unsatisfied writ of execution is a jurisdictional prerequisite to proceedings supplementary.
We have considered the remaining points raised and find no reversible error.
AFFIRMED.
PETERSON, C.J., and DAUKSCH, W. SHARP, GOSHORN, HARRIS, GRIFFIN, THOMPSON and ANTOON, JJ., concur.
NOTES
[1] We likewise recede from Timothy Dunn Associates v. Seligman, 557 So.2d 207 (Fla. 5th DCA 1990) and Nestor v. Dependable Insurance Company, Inc., 552 So.2d 1192 (Fla. 5th DCA 1989) to the extent they are based upon the erroneous language contained in Wieczoreck.