LAVINIA LODISKA JONES, *et al.*, v. LEDLEY W. WEAR, *et al.*

149 So. ·345.

Division B.

Opinion Filed June 15, 1933.

*Charles H. Ross* and *Laurens Jones,* for Appellant;

*Wilson & Boswell,* for Appellee.

BUFORD, J.—Plaintiff in error filed suit in the Circuit Court of Polk County against one Dan F. Wear and one H. W. Wear, also known as Hugh Wear, for the sum of $7,639.85, in which judgment for that sum was entered in favor of the plaintiff on March 24th, 1930. Execution was issued and at the direction of plaintiff was levied upon certain property as the property of Hugh Wear, but which had been theretofore conveyed by Hugh Wear to Ledley H. Wear, son of Hugh Wear.

After the execution had been levied Ledley Wear filed suit in chancery to enjoin the sale of the property, claim-

ing to be the true owner thereof. He exhibited attached to his bill of complaint four deeds:

One dated December 24, 1923, and filed for record December 26, 1923, purporting to convey the following described property:

"Southwest quarter of southwest quarter of Section Twenty-two (22) and Northwest quarter of Northwest quarter of Section Twenty-seven (27) Township Thirty (30) South of Range Twenty-six (26) E."

One dated January 1, 1929, filed for record and recorded on the 25th day of March, 1929, purporting to convey the following described property in Polk County, Florida:

"One-half (½) undivided interest in lots 9, 10, 11, 12, 17, 18 and 19 of Willard Villa, a subdivision by John F. Edmiston, owner, to the City of Bartow, Florida, according to the plat recorded in the office of the Clerk of Court of Polk County, Fla."

One dated the 31st day of December, 1929, and recorded January 15, 1929, purporting to convey the following described property in Polk County, Florida:

"The Southwest quarter (SW¼) of Southwest quarter (SW¼) of the Southeast quarter (SE¼); Section Thirteen (13) Township Thirty (30) South of Range Twenty-four (24) East. The Northwest quarter of the Northeast quarter (NE¼) of Section Twenty-three (23) Township Thirty (30) South, of Range Twenty-five (25) East. Also, an undivided one-half (½) interest in and to the following described lands:

"West half (W½) of the Southwest quarter (SW¼) of the Northwest quarter (NW¼) of Section Two (2); Township Thirty (30) South, of Range Twenty-five (25) East.

"Also, an undivided one-half interest in and to: Lot Eighteen (18) Town of Alturas, Section Sixteen (16);

Township Thirty (30) South of Range Twenty-six (26) East."

One dated September 1, 1928, and recorded October 17, 1928, purporting to convey the following described property in Polk County, Florida:

"Lots 1, 2, 3, 4, of Block 5 Brookins Subdivision to the City of Bartow, Lot 22 Block 5 Meadowvista, and ½ undivided interest in lots 19, 20, 24 and 4 of block 5, Meadowvista. Lots 1 and 2 Hockers Subdivision of Block 4, Lytles First addition (less streets) to the Town of Bartow. SW¼ of the SW¼ of SE¼ section 13, township 30, range 24. Lots 5, 6, 7 of Block No. 7 and lots 53, 54, 55 of block No. 3, Blont and Whitledges addition to the City of Bartow. Beginning at a point 350 ft. West of the NE corner of lot one, or fractional NE¼ of the NE¼ section 31, township 30, range 28, and running thence west 50 ft., thence south to the shore of Crooked Lake, thence along the shore East 50 ft., thence North to the point of beginning.

"Beginning at a point 450 ft. West of the NE corner of lot No. 1, or fractional NE¼ of NE¼ of section 31 township 30, range 28 and running thence west 50 ft., thence south to the shore of Crooked Lake, thence along said shore East 50 ft., thence North to the point of beginning."

These four deeds were execued by Hugh W. Wear and his wife Ida L. Wear to Ledley H. Wear.

There was another deed attached to the bill of complaint dated April 25, 1929, and recorded April 30, 1929, purporting to convey the following described property in Polk County, Florida:

"Beginning at a point four hundred (400) feet west of the northeast corner of Lot One (1), fractional northeast quarter of the northeast quarter of the northeast quarter of section thirty-one (31), Township thirty (30) South

Range twenty-eight (28) East, and run thence west thirty-seven and one-half (37½) feet, thence south to the shore of Crooked Lake, thence east along said shore Thirty-seven and one-half (37½) feet, thence North to point of beginning."

From T. D. Felton to Ledley H. Wear.

Temporary restraining order was granted.

The defendant who was then Lavinia Lodiska Weaver and who afterwards married Jones, filed answer and cross complaint. In her cross complaint she alleged that Hugh Wear was the owner of certain property described in her cross complaint at the time when the indebtedness which was the basis of the cause of action in the civil suit came into existence and that thereafter, and while the indebtedness was past due and unpaid, Hugh Wear transferred the property embraced in the deed of September 1, 1928, to his son, Ledley H. Wear, without consideration and in defraud of creditors and at the time he made such conveyance he was heavily indebted, was in strained financial circumstances and was being pressed by his creditors for payment of overdue demands and threatened with suits to enforce payment of such demands.

Like averments are made with reference to conveyances dated December 31, 1928, and as to the conveyance dated January 1, 1929.

On the 19th day of November, 1930, Ledley H. Wear filed his answer to the cross bill. Such answer fell far short of being sufficient to constitute a defense to the cross bill. At most the answer can be construed only that the answering defendant neither admits nor denies the material allegations of the bill. Hugh Wear on the same date filed his answer, the material parts of which, though not well pleaded, are as follows:

"Answering paragraph V, this defendant admits that he conveyed to Ledley. Wear the real estate described in said paragraph, but this defendant denies that at the time of such conveyance and the recording thereof that this defendant or any other person in his behalf did not pay or make any provision for the payment or security of the indebtedness of this defendant, as alleged in said paragraph, and neither was this defendant ever indebted and in embarrassed financial circumstances as alleged in said cross bill.

"Further answering paragraph VI of the said cross bill, this defendant denies that at and prior to the time of said conveyance of real properties set forth in paragraph V of said cross bill, and at all times subsequent thereto this defendant was pressed by his creditors and threatened with the institution of suits; that while it is true that judgments have been entered against this defendant, he denies that judgments aggregating many tens of thousands of dollars have been entered against him, as alleged in said bill, and neither is it true that new judgments against this defendant from time to time are constantly augmenting this defendant's judgment liabilities, as alleged in said bill.

"Further answering, this defendant admits as alleged in paragraph VII of said cross bill that he conveyed to Ledley Wear upon the dates mentioned the real estate described, but denies that he has not made provision and did not make provision for the payment or security of this defendant's indebtedness, as alleged in said cross bill.

"Answering paragraph VIII of said cross bill, this defendant denies that the consideration for the deeds of conveyance marked complainant's Exhibits 2, 3, and 4 was merely nominal and that each of said conveyances was in fact without valuable consideration; that it is not true as alleged that this defendant, in conveying the said properties,

did so while deeply indebted and embarrassed as aforesaid, and that he has made no provision whatever for the payment or security of his indebtedness, nor has he been left without sufficient property to pay the demands and claims against him, as alleged in said paragraph of said cross bill.

"Answering paragraph IX, this defendant denies that the conveyances mentioned in and described in paragraphs V and VII of said cross bill were made without any valuable consideration and with the purpose, intent and effect and resulting in defrauding, hindering and delaying the existing creditors of this defendant and particularly of the said Lavinia Lodiska Weaver in the collection and satisfaction of her demands, and this defendant denies that the transfers of the aforesaid property have resulted in defrauding, hindering and delaying the said defendant in the collection of her said debt, as alleged in said paragraph."

Exceptions were filed to the answer of Hugh Wear and also to the answer of Ledley H. Wear.

Ledley Wear filed an amended answer as to paragraphs 8 and 9 in the following language:

"This defendant answering paragraph VIII denies that the consideration of said deeds of conveyance marked exhibits 2, 3 and 4 were merely nominal and that said transfers and each of them were in fact without any valuable consideration, as alleged in said cross bill, and further answering says that in consideration for the said conveyances he has paid to the said Hugh Wear the sum of $12,900.00 and that he has delivered to the said Hugh Wear security for an additional $4,750.00.

"This defendant answering paragraph II of said cross bill, says that it is not true, as alleged in said cross bill, that said conveyances were without valuable consideration for he has paid to the said Hugh Wear the sum of $12,900.00 and has delivered to the said Hugh Wear security for an ad-

ditional $4,750.00. in consideration of the said conveyances and further denies that this conveyance was made to him with the purpose, intent and effect and resulting in defrauding, hindering and delaying the creditors of Hugh Wear and particularly of the said Lavinia Lodiska Weaver in the collection of her demands, and says that at the time of the said conveyance he had no knowledge, either actual or constructive, of the indebtedness of the said Lavinia Lodiska Weaver and that he denies that the said conveyance has resulted in defrauding, hindering and delaying the said Lavinia Lodiska Weaver in the collection of her debt, but alleges and believes it to be true that the said Hugh Wear did retain and still retains in his own name a sufficient amount of property unencumbered to satisfy this debt many times over, and that he is informed that the said Hugh Wear still retains in his own name and unencumbered, the conservative value of which is approximately $100,000.00."

Hugh Wear filed amended answer as to paragraphs 5, 7, 8 and 9. Paragraphs 8 and 9 being material here, are as follows:

"Answering paragraph VIII of said cross bill, this defendant denies that the consideration of the deeds of conveyance marked complainant's Exhibits 2, 3, and 4 were merely nominal and that each of said conveyances was in fact without valuable consideration, but alleges that in consideration of said conveyances the said Ledley Wear has paid to this defendant the sum of $12,900.00 and has further obligated himself to pay or has turned over to this defendant security amounting to an additional $4,750.00; that it is not true, as alleged, that this defendant in conveying said properties did so while deeply indebted and embarrassed as aforesaid, and that he has made no provisions whatever for the payment or security of his indebtedness, nor has he

been left without sufficient property to pay the demands and claims against him, as alleged in said paragraph of said cross bill, but answering says that it is true that at the time of this conveyance to Ledley Wear that he owed considerable sums of money, but approximately 90 per cent of the money owed was secured and that he was not embarrassed or strained financially, that at that time he had large sums of money owing to him, that he had every good reason to believe would be paid. That at the time of said conveyance, there were no judgments outstanding against him and there was no suit or suits pending in this county, and that he retained a sufficient amount of property to satisfy this claim several times over and still retains in his own name property unencumbered, the conservative value of which is approximately $100,000.00.

"Answering paragraph IX, this defendant denies that the conveyances mentioned in and described in paragraphs V and VII of said cross bill were made without any valuable consideration and with the purpose, intent and effect and resulting in defrauding, hindering and delaying the existing creditors of this defendant and particularly of the said Lavinia Lodiska Weaver in the collection and satisfaction of her demands, and this defendant denies that the transfers of the aforesaid property have resulted in defrauding, hindering and delaying the said Lavinia Lodiska Weaver in the collection of her said debt, as alleged in said paragraph; and this defendant further answering says that the said conveyance was made for valuable consideration and that the said Ledley Wear has paid the sum of $12,900.00 and has further obligated or has turned over security to the said defendant to the extent of an additional $4,750.00; that the said defendant at the time of this conveyance had not heard of the notes sued on in any manner, form or fashion for several years; that said notes had not been

renewed for several years and that he was simply an indorser and that they had absolutely and positively escaped his memory, and that at the time of the making of said conveyances to Ledley Wear, he had forgotten that the Weaver notes were in existence and had no intention of defrauding, hindering and delaying the collection of said notes, but that he did retain and still retains to this day in his own name property unencumbered, the conservative value of which is approximately $100,000.00."

Demurrers and exceptions were filed to the answers amended, orders were made overruling the demurrer and on exceptions to the answers we would discuss except for the fact that whether or not the ruling of the court in regard to those matters constituted error is immaterial because the case must be reversed on other grounds.

The final decree made after testimony was taken held the conveyance of January 1, 1929, from Hugh Wear and his wife to Ledley H. Wear to be void and also held the conveyance of December 31, 1928, from Hugh Wear and his wife to Ledley H. Wear to be void and cancelled the same but as to the deed dated September 1, 1928, the court held and decreed:

"That the deed dated September 1st, 1928, was not in fraud of creditors, being of the opinion and finding that the cross defendant, Hugh W. Wear, was indebted to Ledley Wear in the sum of $10,000.00 and that the said deed to said property was executed and delivered in payment of said debt, and said cross bill dismissed as to all property described therein."

The appellant here was given in the decree all the relief prayed for except the cancellation of the conveyance of September 1, 1928, above referred to. It will be observed that nowhere in the answer is it alleged that this deed of September 1, 1928, was excuted and the conveyance made

in consideration of the payment and discharge of a pre-existing obligation from Hugh Wear to Ledley H. Wear. It is a well settled principle of law that an insolvent debtor may make a valid conveyance of property to a creditor for the purpose of either securing or discharging a pre-existing debt, but it is also well settled that for such conveyance to be valid there must be an agreement at the time between the parties that the conveyance shall discharge the debt, or, if the conveyance be made to secure the debt, that such is the purpose of the conveyance.

In Moore on Fraudulent Conveyances the author states the principle thus:

"A conveyance by a debtor to his creditor is voluntary and without consideration where no acquittance of the debt is given, and there is no consent or understanding that the conveyance is to discharge the debt, and the transfer of the property for antecedent debts, without extinguishment or surrender of such debts and of the old securities therefor, is not sufficient to constitute the transferee a *bona fide* purchaser for a valuable consideration." (Moore on Fraudulent Conveyances, Vol. 1, page 311.) Again, the same author on page 309, said:

"A conveyance or transfer of property by an insolvent debtor to his creditor in payment of a pre-existing or antecedent debt will be upheld if the debt be *bona fide,* its amount not materially less than the fair and reasonable value of the property, and payment of the debt is the sole consideration, *and no use or benefit is secured or reserved to the debtor.* Such a conveyance protects the vendee to the same extent as if there had been a new consideration, if taken in good faith and without intent to defraud the creditors of the vendor. But where a debtor makes a preferential transfer to a creditor in payment of a debt, not only must the indebtedness be *bona fide* but the payment must

be a *bona fide* transaction. Where the evidence of the indebtedness is sufficient, or it appears that it was not recognized or acknowledged as a legal indebtedness or obligation by the parties, until the grantor was threatened with financial troubles or became insolvent, the conveyance will not be sustained as against existing creditors. A pre-existing debt is a good and sufficient consideration for a conveyance or transfer of property by a debtor, either in payment or satisfaction of, or as security for, such a debt, both as against creditors and subsequent purchasers. But the debt which constitutes the consideration must be an obligation for which the debtor is legally liable and which he could be compelled to pay by action." (Italics ours.)

See also citations under text above referred to; also 27 C. J., page 536, Sec. 228, and authorities there cited.

In this case the record shows the grantor reserved and continued in the use and possession of the property purported to be conveyed by this deed of September 1, 1928. The record utterly fails to show that there was at the time of or before the execution and delivery of the deed any agreement or understanding that such a conveyance should satisfy and discharge the alleged debt. In fact, the evidence in regard to this transaction is so uncertain and conflicting that it is impossible to determine that there was any definite understanding between the parties which constituted a meeting of the minds as to the condition and consideration under and for which the conveyance was made.

In Neal v. Gregory *et. al.,* 19 Fla. 356, it is said:

"The retention and possession of land by the vendor after an absolute sale is *prima facie* evidence of a secret trust resulting to the vendor and, if unexplained, such sale is void as to creditors."

In Bump on Fraudulent Conveyances, 2nd Ed., page 131, the author says:

"The rule that the retention of possession is conclusive evidence of fraud is one of policy, and rests upon the doctrine that fraud is in all cases a question of law. Although a valuable consideration may be paid, and the real intent of the parties may be to transfer the property, yet the possession continuing with the vendor is regarded as giving him a collusive credit, and as operating as a deceit and fraud upon creditors. The conveyance, therefore, is held void as to creditors, though there may be no fraud, in fact, in the transaction. The rule excludes all regard to the actual intentions of the parties in every transaction that comes within its range. The inference arising from the possession cannot be rebutted or repelled even by the strongest testimony of the actual fairness of the intention of the parties. Hence, it is immaterial whether the vendee was a party or privy to any fraudulent intention of the vendor or not."

The decree in this case as to the conveyance of September 1, 1928, is not supported by the pleadings or the proof. The allegations of the pleadings are sufficient to show that the conveyance was *prima facie* fraud on creditors and was void. This condition is not overcome by the proof. Therefore, the decree in this regard must be reversed. It is so ordered.

Reversed.

DAVIS, C. J., and WHITFIELD, ELLIS and TERRELL, J. J., concur.