PATRICIA GAIL CREWS, TRUSTEE, TRANSFEREE, THE O'NAN FAMILY TRUST, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Crews v. Commissioner
Docket No. 5262-86
United States Tax Court
T.C. Memo 1988-462; 1988 Tax Ct. Memo LEXIS 496; 56 T.C.M. (CCH) 306; T.C.M. (RIA) 88462; September 26, 1988
Joel L. Wertheim, for the petitioner. Magda Abdo-Gomez, for the respondent. WELLS
MEMORANDUM FINDINGS OF FACT AND OPINION WELLS, Judge: By notice of liability dated December 10, 1985, respondent determined that petitioner was liable as transferee *497 for the tax liability of Roy I. and Madeline P. O'Nan, who had been assessed a deficiency of $ 177,795.34 for taxable year 1969, and an addition to tax for fraud of $ 88,897.67 under section 6653(b). [1] Respondent determined that petitioner was liable only to the extent of $ 131,400, the value of the transferred property when transferred. The issues for decision are the existence and extent of transferee liability. PRELIMINARY MATTER Respondent's notice of liability names Patricia Gail Crews in her capacity as trustee of "The O'Nan Family Trust," an entity which will be discussed later in this opinion. Yet, in her opening statement at trial, counsel for respondent stated "we are here against Ms. Patricia Gail Crews and not against a trust." As an initial matter, we must decide who is before the Court, Ms. Crews, individually, or the trust. As stated, the notice of liability issued in this case names Ms. Crews in her fiduciary capacity. The petition *498 filed by Ms. Crews is similarly captioned and verified by Ms. Crews as trustee. Based upon those facts, we hold that Ms. Crews in her individual capacity is simply not before this Court. We are, rather, confined to deciding the liability of Ms. Crews in her fiduciary capacity. In Shea v. Commissioner,31 B.T.A. 513, 514 (1934), the taxpayer's case was dismissed for lack of jurisdiction, because respondent had issued a notice of deficiency to "Mrs. Mary M. Shea, Trustee" and Mrs. Shea's petition denied her status as a fiduciary. The Board explained, "The law, * * * recognizes as separate entities a fiduciary of a trust and the same person acting in his individual capacity." Thus, Mrs. Shea's personal liability could not be adjudicated, because the statutory notice named her in a fiduciary capacity. In Estate of Eversole v. Commissioner,39 T.C. 1113, 1118 (1963), this Court had jurisdiction over a fiduciary in her individual capacity, but only because the statutory notice named her twice, once as a fiduciary and again as an individual. In the instant *499 case, respondent failed to take this precaution. See also Estate of Dupuy v. Commissioner,48 T.C. 918, 920 (1967) (separate statutory notices sent to individuals/fiduciaries); Estate of Meyer v. Commissioner,58 T.C. 69, 72 (1972). Furthermore, section 6213(a) proscribes the assessment of tax until after (1) a statutory notice has been mailed to the taxpayer and (2) the expiration of 90 (or 150) days thereafter or, if a petition is filed with this Court, the conclusion of litigation. We simply have no jurisdiction to decide whether Ms. Crews is liable as a transferee in her individual capacity, as she has never been issued the requisite statutory notice. Only the trust, through Ms. Crews as trustee, has received such notice. Finally, Rule 41(a) states in pertinent part, "No amendment shall be allowed after expiration of the time for filing the petition, however, which would involve conferring jurisdiction on the Court over a matter which otherwise would not *500 come within its jurisdiction under the petition as then on file." Respondent's request that we impose personal liability upon Ms. Crews amounts to a request that the notice of liability, the petition, and the answer be amended to substitute Ms. Crews, individually, as the taxpayer. Such an amendment is proscribed by Rule 41(a). Respondent argues that Ms. Crews, individually, is the true transferee, citing Fla. Stat. Ann. section 689.07 (West 1969), which states in relevant part, Every deed or conveyance of real estate * * * in which the word "trustee" or "as trustee" are added to the name of the grantee, and in which no beneficiaries are named nor the nature and purposes of the trust, if any, are set forth, shall grant * * * a fee simple estate with full power and authority in and to the grantee in such deed to sell, convey and grant and encumber * * * the real estate conveyed, unless a contrary intention shall appear in the deed of conveyance * * * The statute, at first blush, appears to support respondent, as the deed at issue fails to either name the trust beneficiaries whom Ms. *501 Crews represents or set forth any other information about the trust. The statute excepts from its scope deeds which are accompanied by a recorded declaration of trust, but no recordation occurred here. Were we to accept respondent's position, we would be required to set aside the determination of liability against the trust, because only a transferee can suffer "transferee" liability. We decline, however, respondent's offer of self-sacrifice before this Court. The statute cited in support of respondent's argument, Fla. Stat. Ann. section 689.07 (West 1969), is not automatically applied to every conveyance in which a deed fails to specify trust beneficiaries or terms. Rather, the statute is intended to benefit creditors who have extended credit to trustees in reliance upon the trustees' purported outright ownership of property held in trust. Arundell Debenture Corporation v. Le Blond,139 Fla. 668, 190 So. 765, 767 (1939). The statute allows those creditors to treat trust property as property held outright by the trustees. In the instant case, we hold that the statute does not apply, because it would truly be anomalous to use a statute designed for the protection *502 of creditors to frustrate the efforts of respondent, who is, as will be explained, a defrauded creditor. Further, the parties have stipulated to a transfer to "Patricia Gail Crews, trustee." Rule 91(e) prevents respondent from contradicting stipulated facts under the circumstances present herein. For the foregoing reasons, we find that Ms. Crews received the transferred property in her capacity as trustee of The O'Nan Family Trust. FINDINGS OF FACT Petitioner resided at Miami Lakes, Florida, when she filed her petition. Petitioner is the daughter of Roy I. and Madeline P. O'Nan (the "O'Nans"). On January 18, 1978, respondent issued a notice of deficiency to the O'Nans. The notice determined a deficiency of $ 648,265 for taxable year 1969, and an addition to tax for fraud of $ 324,132 under section 6653(b). The O'Nans filed a petition with this Court, and their case was tried from December 9, 1980, through December 11, 1980. We filed our opinion in that matter on January 28, 1982, in the case entitled Mandina v. Commissioner,T.C. Memo. 1982-34, affd. 758 F.2d 1399 (11th Cir. 1984). *503 On February 25, 1983, we entered our decision pursuant to that opinion, finding the O'Nans liable for a deficiency of $ 177,795.34, and an addition to tax for fraud of $ 88,897.67 under section 6653(b). The O'Nans filed an appeal, which was dismissed voluntarily. Approximately six months before our opinion was filed, the O'Nans created a family trust and transferred their residence and its furnishings to petitioner in her capacity as trustee. The transfer of the residence, located at 81 S. Royal Poinciana Boulevard, Miami Springs, Florida, and its contents occurred on August 24, 1981. On that date, the O'Nans and petitioner executed "The O'Nan Family Trust Agreement" (the "trust agreement"), and the O'Nans executed a warranty deed for the residence and a bill of sale transferring its contents. The parties, by stipulation, have valued all of the transferred property at $ 130,000 on the date of transfer. That amount does not reflect $ 1,600 of mortgage debt against the property. The trust assumed such debt on the transfer. The trust agreement gives the O'Nans the benefit of the trust property for their lives. Upon the death of both O'Nans, the trust property is to be distributed *504 to the O'Nans' children, James M. O'Nan, Roy J. O'Nan, Donna C. Fitts, and petitioner. The O'Nans received no direct consideration for the transfer in trust, but the $ 1,600 mortgage debt has been paid in full with funds pooled by the O'Nans' children, including petitioner. Further, the O'Nans' children, including petitioner, have pooled funds to pay certain expenses associated with the residence, specifically, real property taxes and premiums for casualty insurance. Those taxes total approximately $ 1,800 per year, while the insurance premium is $ 350 per year. The O'Nans purchased the residence in 1960 and have lived there since that time. In the year of transfer, 1981, they received wages of $ 2,477.97 and social security benefits of $ 8,616. After the transfer, their only assets were a checking account with an average balance in 1981 of $ 150 and a $ 5,000 life insurance policy with a $ 200 cash surrender value. Their liabilities after the transfer, in addition to the tax liability accrued for 1969, consisted of an $ 1,800 loan from Gulf Life and judgments totalling $ 3,000 in favor of Diners Club, Inc., American Express, Visa, and Master Charge. The O'Nans tax liability, *505 now assessed, remains outstanding. Respondent has made various efforts to collect the tax assessed against the O'Nans. Respondent has filed notices of lien for the deficiency and addition to tax which are dated August 19, 1983, and December 21, 1983, respectively. A notice dated June 20, 1983, requests payment of the $ 177,795.34 deficiency, as well as interest of $ 214,772.79. Mr. O'Nan has testified that it is not possible to recover the assessed liability from the O'Nans. Respondent filed a notice of lien dated July 24, 1985, against "The O'Nan Family Trust," naming petitioner in her capacity as trustee of the trust and "nominee" of the O'Nans. This notice purports to secure an unpaid balance of $ 392,568.13. On December 10, 1985, respondent issued the notice of liability which is the subject of the instant proceeding. OPINION Section 6901 states that the liabilities of transferees of property "shall * * * be assessed, paid, and collected in the same manner * * * as in the case of taxes with respect to which the liabilities were incurred * * *." While section 6901 provides *506 the mechanism for enforcing transferee liability, the "existence and extent of [transferee] liability" are issues to be determined according to State law. Commissioner v. Stern,357 U.S. 39, 45 (1958). Further, the burden of proving transferee liability (but not the underlying tax liability) rests with respondent. Section 6902(a); Rule 142(d). As petitioner and the O'Nans resided in Florida at all relevant times and the transferred property is situated in that state, Florida law determines the validity of the property transfer to petitioner. Thomson v. Kyle,39 Fla. 582, 23 So. 12 (1897). Fla. Stat. Ann. section 726.01 (West 1988) states in pertinent part, Every * * * conveyance, * * * of lands, * * * and of goods and chattels, * * * contrived or devised of fraud, covin, collusion or guile, to the end, purpose or intent to delay, hinder or defraud creditors or others of their just and lawful actions, * * * shall be from henceforth as against the person or persons, * * * so intended to be delayed, hindered or defrauded, deemed, held, adjudged and taken to be utterly void, * * *. [2]
*507 Florida courts construing the foregoing statute have held that a conveyance will be presumed fraudulent if the transferor retains possession of the transferred property. Jones v. Wear,111 Fla. 69, 149 So. 345, 348 (1933). A prima facie case of fraudulent conveyance is also presented when the transferee is a close relative of the transferor. Gyorak v. Davis,183 So. 2d 701, 703 (Fla. Dist. Ct. App. 1966). Both of those factors taint the transfer at issue. Yet, respondent has gone beyond presently merely a prima facie case. Florida law deems a transfer fraudulent when sufficient indicia or "badges" of fraud surround the transaction. In the instant case respondent has demonstrated that the conveyance to petitioner embraces almost every badge of fraud cited by the Florida courts. In Wieczoreck v. H & H Builders, Inc.,450 So. 2d 867, 873-874 (Fla. Dist. Ct. App. 1984), the court itemized those "badges" of fraud, as follows: The factors which are recognized in these cases as indicia of fraud are numerous. Generally, the most important *508 * * * are the insolvency or indebtedness of the transferor; lack of consideration, or in some cases grossly inadequate consideration, for the conveyance; retention by the debtor of possession of the property; or a relationship between the transferor and the transferee; the reservation of benefit to the transferee; the pendency or threat of litigation; secrecy or concealment; and the transfer of the debtor's entire estate. In United States v. Fernon,640 F.2d 609 (5th Cir. 1981), a son received real property from his parents while they were liable for tax deficiencies. After the son conveyed the property to himself and his wife as tenants by the entireties, the government brought suit against the son and his wife, alleging the initial transfer to be fraudulent. The trial court entered judgment against the defendants for the value of the transferred property as of the date of transfer. The appellate court affirmed the trial court's judgment, applying Florida law and citing the following factors: 1) lack of consideration for the transfer, 2) the relationship between the transferors and the transferee, and 3) the insolvency or "substantial indebtedness" of the transferors. *509 640 F.2d at 613. Almost every factor cited in Fernon and Wieczoreck is present in this case. First, the O'Nans were insolvent when they transferred property to petitioner. The accrued tax liability for 1969, as well as other debts owed by the O'Nans, greatly exceeded their modest resources. Although the O'Nans' tax liability for 1969 was not finally adjudicated until 1983, for the purpose of determining the solvency, the liability accrued at the end of the taxable year. Kreps v. Commissioner,42 T.C. 660, 670 (1964), affd. 351 F.2d 1 (2d Cir. 1965). Further, under Florida law, "substantial indebtedness" of a transferor can substitute for insolvency as a badge of fraud. Wieczoreck,450 So. 2d at 873. The accrued liability to respondent clearly qualified as substantial indebtedness. Second, even if petitioner's assumption of the $ 1,600 mortgage against the residence is characterized as consideration, it was "grossly inadequate consideration" for the transfer of a residence and furnishings stipulated to have been worth $ 130,000 when transferred. Third, the O'Nans retained possession following the transfer. *510 Fourth, the transferee is a trust whose trustee is the transferors' daughter and whose beneficiaries are the transferors and their children. Finally, the transfer occurred during the pendency of the O'Nans' litigation before this Court, in fact just months prior to the date we filed our opinion finding the O'Nans liable. In sum, the transfer at issue could not more closely resemble a fraudulent conveyance. Petitioner argues that the transfer should be respected because the O'Nans did not intend to defraud respondent. Petitioner asserts that the O'Nans placed the property in trust to facilitate its distribution after their deaths and to ensure that costs, e.g., taxes, would be paid during their remaining lives. We find the O'Nans' subjective intent irrelevant to our conclusion. In Stelle v. Dennis,104 Fla. 384, 140 So. 194, 195 (1932), the court stated, "when the legal effect of a conveyance is to defraud creditors, no matter what the actual intention may have been, it is fraud in law." The objective facts of the instant case reveal that the transfer rendered the O'Nans *511 incapable of meeting their obligation to respondent. Even if the O'Nans' subjective intent were determinative or relevant, we reject as unworthy of belief the testimony of petitioner and of the O'Nans' to the effect that the O'Nans placed the property in trust to further their retirement security and as an alternative means of testamentary disposition. The circumstances surrounding the transfer, particularly the litigation in this Court, clearly indicate that the principal purpose of the transfer was to place the property beyond respondent's reach. We find that any other motives, if they did indeed exist, were incidental to that purpose. Petitioner also argues that Fla. Stat. Ann. section 726.01 (West 1988) insulates a transfer for "good consideration" to a transferee without knowledge of the fraudulent purpose of the transferor. We agree with that interpretation of the statute. The parties have stipulated, however, that the O'Nans transferred property worth $ 130,000 in return for $ 1,600 of debt relief. By no stretch of our imagination can it be said that petitioner supplied "good *512 consideration." Thus, even if we were to accept petitioner's claim that she received the property while ignorant of the O'Nans' tax proceedings, our conclusion would remain unchanged. Based upon the foregoing we find that the O'Nans' transfer of their residence and its furnishings to petitioner was fraudulent under Florida law. Petitioner is therefore liable as transferee of the O'Nans. Having determined that petitioner is liable as transferee of the O'Nans, we next decide the extent of liability. Respondent's notice of liability states that petitioner's liability is limited to $ 137,400, the value of the transferred assets when transferred. Since the parties subsequently, at trial, stipulated that the assets were in fact worth $ 130,000 when transferred, we tentatively set petitioner's liability at $ 130,000. United States v. Fernon,640 F.2d at 614 n.11; cf. Lowy v. Commissioner,35 T.C. 393, 395-396 (1960). In Stokes v. Commissioner,22 T.C. 415, 428 (1954), we held that the amount of mortgage debt against transferred property *513 reduces the amount of the fraudulent transfer. Thus, we reduce the liability by the amount of the mortgage assumed by petitioner and hold petitioner liable as transferee of the O'Nans in the amount of $ 128,400. Finally, Florida law gives respondent the right to statutory interest on petitioner's liability. In Lowy v. Commissioner,35 T.C. at 395, we recognized that when the underlying tax liability is greater than the value of the transferred assets, State law may permit "interest * * * on the amount of the transferred assets, measured from a point of time that would not be earlier than the date of transfer." Here, Florida law grants prejudgment interest whenever "a verdict has the effect of fixing damages as of a prior date." Argonaut Insurance Co. v. May Plumbing Co.,474 So. 2d 212 (Fla. 1985) (citing Bergen Brunswig Corp. v. Stat Department of Health and Rehabilitative Services,415 So. 2d 765, 767 (Fla. Dist. Ct. App. 1982)). Florida law liberally grants prejudgment interest, and damages need not be readily ascertainable *514 prior to trial in order to earn interest. Cf. Taylor v. New Hampshire Insurance Co. of Manchester,489 So. 2d 207 (Fla. Dist. Ct. App. 1986) (prejudgment interest awarded in action for recovery pursuant to fire insurance policy). Our decision in this case fixes petitioner's liability as of the date of transfer. Cf. Kreps v. Commissioner, supra at 670 ("transferee is retroactively liable for transferor's taxes in the year of transfer and prior years, * * * to the extent of the assets received from the transferor, even though the transferor's tax liability was unknown at the time of transfer." Emphasis supplied.).[3] Respondent is thus entitled to 6-percent interest on $ 128,400 from the date of transfer, August 24, 1981, to June 30, 1982, and 12-percent interest on $ 128,400 from July 1, 1982, until the date of the notice of liability, December 10, 1985. [4]
*515 To reflect the foregoing, Decision will be entered for the respondent in the amount as decided above.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect for the taxable year is issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. In 1987, Florida adopted the Uniform Fraudulent Transfer Act. 1987 Fla. Laws, c.87-89, sec. 1. Yet, the quoted language governs transactions in the year of the subject transfer, 1981. ↩
3. We imposed liability for prejudgment interest from the date of transfer in two other Florida cases: Borg v. Commissioner,T.C. Memo. 1987-596, and Stone v. Commissioner,T.C. Memo. 1985-405↩. 4. Fla. Stat. Ann. sec. 687.01 (West 1988) sets the current rate of statutory interest at 12 percent. Prior to July 1, 1982, a 6-percent rate was in effect. 1982 Fla. Laws, c. 82-42, sec. 1. Prejudgment interest awarded under Stat law stops accruing upon the date of statutory notice. Thereafter, interest is a matter of Federal law under the Internal Revenue Code. Estate of Stein v. Commissioner,37 T.C. 945, 959-961↩ (1962).