397 So.2d 957 (1981)
CONTINENTAL CIGAR CORPORATION, Appellant,
v.
EDELMAN & COMPANY, INC. and Dos Gonzalez Cigars, Inc., Appellees.
Nos. 80-581, 80-648.
District Court of Appeal of Florida, Third District.
April 14, 1981.
Rehearing Denied May 20, 1981.
Jay M. Levy and Henry Lopez-Aguiar, Miami, for appellant.
Joseph A. McGowan, Miami, for appellees.
Before NESBITT, BASKIN and DANIEL S. PEARSON, JJ.
BASKIN, Judge.
Continental Cigar Corporation appeals[1] a summary judgment entered in proceedings supplementary to execution pursuant to section 56.29, Florida Statutes (1977). Edelman and Company, Inc., holder of a judgment in the amount of $9,907.11 and costs of $57.50 against Dos Gonzalez Cigars, Inc., an insolvent corporation, sought to trace assets belonging to Dos Gonzalez Cigars.
The trial court order Dos Gonzalez Cigars to be examined concerning its trademark "Dos Gonzalez" and logo. Dos Gonzalez Cigars was then order to appear before a master who decided that the trademark and logo were assets belonging to Dos Gonzalez Cigars. The court issued a summons and rule to show cause why the trademark and logo should not be declared assets of Dos Gonzalez Cigars. Following a hearing, the court entered its Final Summary Judgment deciding that the trademark "Dos Gonzalez" and logo were assets of Dos Gonzalez Cigars, Inc. and not the property or assets of Continental Cigar Corporation which claimed ownership. The court order Continental Cigar Corporation to execute documents necessary to quitclaim its right to the trademark and logo to Dos Gonzalez Cigars, Inc. and retained jurisdiction to appoint a receiver for Dos Gonzalez Cigars, Inc. In addition, the court enjoined Continental Cigar Corporation from further use of the trademark and logo. We affirm.
*958 Appellant argues that the trademark and logo are not amenable to execution and therefore cannot be the subject of an unsatisfied execution without which, it contends, supplementary proceedings may not be instituted. Appellant has misinterpreted section 56.29(1), Florida Statutes (1977). It states:
When any sheriff holds an unsatisfied execution, the plaintiff in execution may file an affidavit so stating and that the execution is valid and outstanding and thereupon is entitled to the proceedings supplementary to execution.
It is quite clear that section 56.29 requires only the filing of an affidavit showing a valid unsatisfied writ of execution on any assets prior to instituting supplementary proceedings. That procedure was followed in this case. Judges have both the power and the duty to bring in third parties when relief against them may be warranted. General Guaranty Insurance Co. of Florida v. DaCosta, 190 So.2d 211 (Fla. 3d DCA 1966), rehearing granted on other grounds, 226 So.2d 104 (Fla. 1969). Relief against impleaded third parties may encompass a chose in action. Puzzo v. Ray, 386 So.2d 49 (Fla. 4th DCA 1980); General Guaranty Insurance Co. of Florida v. DaCosta, supra.
Appellant also argues that its ownership of the trademark and logo were established by the fact that it registered them with the Secretary of State. We disagree. We find that the court correctly ruled that no genuine issue of material fact existed and that the assets were shown by the testimony, which includes an admission by Dos Gonzalez' representative, Carmelo Gonzalez, to belong to Dos Gonzalez Cigars. Appellant's remaining contentions lack merit.
Affirmed.
NOTES
[1] Appellant filed both an interlocutory and plenary appeal which have been consolidated.