585 So.2d 1099 (1991)
STANDARD PROPERTY INVESTMENT TRUST, INC., and Damrak Investments Corp., Appellants,
v.
Marie Ruth LUSKIN, Paul Luskin, Etc., et al., Appellees.
No. 90-1451.
District Court of Appeal of Florida, Fourth District.
September 11, 1991.
*1100 Carl A. Spatz of Gelb & Spatz, Miami, for appellants.
Barry S. Franklin and Andrew S. Berman of Young, Franklin, Merlin & Berman, P.A., North Miami Beach, for appellee-Marie Luskin.
DOWNEY, Judge.
Appellants, Standard Property Investment Trust, Inc., and Damrak Investments Corp., appeal from a final judgment entered in favor of appellees, Marie Ruth Luskin and Young, Stern & Tannenbaum, P.A., in supplementary proceedings.
The proceedings giving rise to this appeal arose out of a divorce case involving Paul and Marie Luskin. The record reflects that Paul is presently serving a thirty-five year prison term for the attempted murder of Marie while the divorce proceedings were pending. Paul's parents, Joseph and Mildred Luskin, were made parties to the divorce proceeding and, in due course, the final judgment dissolving the marriage imposed a constructive trust and an equitable lien on Joseph and Mildred's assets to secure the payment of the judgment awarding Marie $250,000 for the tortious misconduct of the parents in attempting to secrete Paul's marital assets from Marie. A civil theft claim and conspiracy claim by Marie against Joseph and Mildred was severed from the dissolution case and tried later that year, resulting in a judgment for Marie in the amount of $10,929,555. Just prior to the originally scheduled trial of the civil theft and conspiracy case, Joseph and Mildred gave mortgages on various parcels of realty owned by them in South Florida to appellant, Standard Property, and conveyed another parcel in Orange County to appellant, Damrak. The evidence adduced at trial indicates these transactions were fraudulent transfers. The record also reflects that the whereabouts of Joseph and Mildred is unknown.
This phase of the litigation was commenced by appellees filing an emergency motion for proceedings supplementary and for an order to show cause, together with an affidavit stating that "the Sheriff of Broward County, Florida, is currently holding an unsatisfied execution that is valid and outstanding against the defendants, Joseph and Mildred Luskin." Appellants were then impleaded as third-party defendants. In due course, appellees served motions on appellants that sought the sale of the various properties which had been fraudulently mortgaged or transferred to appellants. Appellants responded by motion to dismiss, objecting to the jurisdiction of the court because of the failure to comply with the requirements of section 56.29, Florida Statutes (1987), specifically by failing to state that an attempt had been made to levy the writ of execution on property of the judgment debtor and that the writ had been returned unsatisfied. Said motion was denied. After a five-day trial, the jury *1101 returned a verdict in favor of appellees, finding that the mortgages and property conveyances were fraudulent attempts to insulate the property from execution.
The sole appellate question presented is whether section 56.29(1), Florida Statutes (1987) requires a plaintiff in execution to file an affidavit stating that the judgment creditor has attempted to levy a writ of execution and that the sheriff has returned the writ unsatisfied. Appellants, of course, contend that sworn allegations of an attempted levy and return unsatisfied are jurisdictional and essential to warrant the institution of supplementary proceedings. Appellants rely upon Wieczoreck v. H. & H. Builders, Inc., 450 So.2d 867 (Fla. 5th DCA 1984); Timothy Dunn Associates, Inc. v. Seligman, 557 So.2d 207 (Fla. 5th DCA 1990); and Mission Bay Campland, Inc. v. Sumner Financial Corp., 71 F.R.D. 432 (M.D.Fla. 1976). Appellees assert that the controlling statute was amended in 1967 to eliminate the two allegations relied on by appellants and that the cited cases, relying on preamendment decisions, failed to note the 1967 statutory change; furthermore, that the issue presented here was not an issue in those cases, accounting for the oversight. In addition, appellees rely upon Continental Cigar Corp. v. Edelman & Co., 397 So.2d 957 (Fla. 3d DCA 1981); Trawick, Florida Practice and Procedure, § 27-9 (1990); and 2 Rakusin, Florida Creditors' Rights Manual, Ch. 8, p. 31 (D & S 1988). Furthermore, appellees submit that the statute is not jurisdictional and that appellees made substantial efforts to collect the judgments through garnishment and other available avenues. In addition, as they alleged in their motions to implead appellants, the debtors/Luskins had liquidated their assets on an expedited basis in order to secrete them from appellees' collection efforts. Finally, appellees allege that there is no substantive error or prejudice arising as a result of "the alleged flawed invocation of proceedings supplementary in the lower tribunal." Instead, it is argued that appellants, after fair notice, had their day in court and lost and that nothing could be accomplished by redoing the entire procedure except cause delay. They emphasize that the statutory procedure is not jurisdictional, citing Sullivan v. Musella, 564 So.2d 150 (Fla. 2d DCA 1990).
Our review of the arguments of counsel and authorities convinces us that appellees' position is correct. Under the predecessor statute, section 55.52, Florida Statutes (1961), the judgment creditor was required to have the writ of execution returned unsatisfied before he could invoke the remedy of supplementary proceedings. This requirement was eliminated in 1967 by the repeal of that statute and the enactment of section 56.29. Section 56.29(1), Florida Statutes (1987) provides that a plaintiff in execution is entitled to supplementary proceedings "when any sheriff holds an unsatisfied execution" and the plaintiff in execution "files an affidavit so stating and that the execution is valid and outstanding." (Emphasis added). These requirements were satisfied in this case, thus entitling appellees to supplementary proceedings.
The cases cited by appellants to support their contention that a returned and unsatisfied writ of execution is required all based their holdings on the decision in Tomayko v. Thomas, 143 So.2d 227 (Fla. 3d DCA 1962), a 1962 case which was decided under the repealed statute. Although some of these cases post-date the amendment, they nevertheless repeat the old statutory requirements set forth above. Therefore, we conclude that the statutory change in the requirements for commencement of supplementary proceedings was either overlooked or the statements in those decisions were simply wrong. One of those cases, Neff v. Adler, 416 So.2d 1240 (Fla. 4th DCA 1982), came from this court. There, we ruled that the Florida court which had jurisdiction over a nonresident judgment debtor, as trustee, had no jurisdiction over him individually due to defective allegations in the pleadings. In the course of the opinion, in dicta, this court quoted from a federal district court case[1] that repeated the old requirements of section 55.52 even though the court was discussing *1102 the newly enacted section 56.29. The cited federal case also relied heavily upon the Tomayko case for its conclusion relative to the conditions precedent for supplementary proceedings. Suffice to say regarding appellants' authorities that we are satisfied they do not contain a proper interpretation of section 56.29(1), Florida Statutes (1987), involved herein.
Our conclusion is supported by a Third District Court of Appeal decision in Continental Cigar Corp. v. Edelman & Co., 397 So.2d 957 (Fla. 3d DCA 1981), wherein the court, in pointing out the correct interpretation of section 56.29, stated:
It is quite clear that section 56.29 requires only the filing of an affidavit showing a valid unsatisfied writ of execution on any assets prior to instituting supplementary proceedings.
Id. at 958. Next, we would cite Trawick, Florida Practice and Procedure, § 27-9, note 7 (1990). The author, in discussing the procedure that should be followed under section 56.29, pauses in a footnote to say that the decision in Wieczoreck v. H. & H. Builders, Inc., 450 So.2d 867 (Fla. 5th DCA 1984), "is wrong in requiring a return of the unsatisfied execution."
Finally, in 2 Rakusin, Florida Creditors' Rights Manual, Ch. 8, p. 31, (D & S 1988), it is stated:
1. Sheriff Must Hold An Unsatisfied Execution
Before a creditor can bring supplementary proceedings he must have obtained a judgment and delivered the execution issued upon it to a Florida sheriff. § 56.29(1) provides that a plaintiff in execution is entitled to utilize proceedings supplementary to execution when any sheriff holds an unsatisfied writ of execution.
Under former provisions, the judgment creditor was required to have the writ of execution returned unsatisfied before he could invoke the use of supplementary proceedings. The requirement that the writ of execution be returned to the clerk of the circuit court was eliminated in 1967.
To reiterate, we believe the foregoing authorities support appellees' view of the law on the appellate question presented. Furthermore, the record demonstrates that appellees substantially complied with section 56.29(1), Florida Statutes (1987), and that appellants, as well as the Luskins, received a full measure of due process. Doyle v. Polo Syndications, Inc., 530 So.2d 1087 (Fla. 4th DCA 1988).
Accordingly, the judgment appealed from is affirmed.
GUNTHER and FARMER, JJ., concur.
NOTES
[1] Mission Bay Campland, Inc. v. Sumner Financial Corp., 71 F.R.D. 432 (M.D.Fla. 1976).