PER CURIAM.
Appellant seeks reversal of an order granting supplementary proceedings. We have jurisdiction under Florida Rule of Appellate Procedure 9.130(a)(4) to review this non-final order entered after final judgment. See Mogul v. Fodiman, 406 So.2d 1225 (Fla. 5th DCA 1981). We reverse upon the following brief analysis.
Appellants Lahav Flooring & Fixtures, Inc., and Joseph Lahav were sued by appel-lees, Alan and Patti Weinstein, who alleged that both the corporate defendant and Mr. Lahav were liable to appellees as a result of defective work in the installation of a tile floor. After trial, judgment was rendered finding only the corporation liable. Immediately thereafter, the Weinsteins learned that Lahav had dissolved the corporate defendant and created a new company, “Miles of Tiles.” Despite a notice of deposition in aid of execution, Lahav failed to provide any documents or respond to questions posed concerning the dissolution of his company. The Weinsteins filed for contempt and sanctions. The trial court found Lahav in contempt, awarded attorney’s fees and costs to the Weinsteins, and ordered Lahav Flooring’s “successor and/or successor-in-interest, ‘Miles of Tiles’,” to pay these sanctions. Thereafter, the Wein-steins learned that Miles of Tiles was dissolved and was now doing business as “Flooring Options by Lahav.” Pursuant to the trial court’s order granting the Wein-steins’ motion for supplementary proceedings, the Weinsteins were authorized to implead, as third party, the above referenced successor corporation.
Section 56.29, Florida Statutes (1989), requires the filing of an affidavit showing a valid unsatisfied writ of execution on any assets prior to instituting supplementary proceedings. Standard Property Inv. Trust v. Luskin, 585 So.2d 1099 (Fla. 4th DCA 1991); Continental Cigar Corp. v. Edelman & Co., 397 So.2d 957 (Fla.3d DCA), review denied, 411 So.2d 381 (Fla.1981).
The requirement that the sheriff hold the writ has a sound purpose behind it. The recording of judgment alone does not automatically create a lien on a debt- or’s personal property. The judgment creditor’s lien attaches to personal property and priority is established at the time the writ of execution is delivered to the sheriff in the county where the personal property is located. Jacksonville Bulls Football, Ltd. v. Blatt, 535 So.2d 626 (Fla. 3d DCA 1988). Thus, the exhaustion of remedies in supplemental proceedings prevents a judgment creditor from gaining an advantage over judgment creditors who have priority in execution over and against a defendant’s property.
The instant order was predicated upon the filing of only an affidavit by Mr. *1057 Weinstein stating that attempts to collect on the judgment issued in his favor had failed. The sheriff did not hold an unre-turned, unsatisfied writ of execution. This action was thus not sufficient and clearly did not comply with section 56.29.
Accordingly, the trial court’s order is reversed and the cause remanded for further proceedings.