SCOTT, ROBERT C., Associate Judge.
Two appeals are consolidated herein. One appeal is from an April 30, 1990 final judgment, entered in supplementary proceedings, which granted the appellees’ motion for court-ordered sheriff’s sale of the appellants’ real property located in Orange and Dade counties. The second appeal is from an October 10, 1990 summary final judgment, which granted the appellees’ motion for court-ordered sheriff's sale of the appellants’ “El Dorado” property located in Dade County.
The appellants are Joseph and Mildred Luskin (“the Luskins”). The appellees are Marie Ruth Luskin (“Marie”), and the law firm of Young, Stern & Tannenbaum, P.A. (“YST”). This case involves a series of *560 judgments against the Luskins in favor of the appellees, and certain writs of execution based on those judgments.
On February 3, 1988, a final judgment of dissolution of marriage was entered between Marie and the Luskin’s son, wherein the Luskins were ordered to return $250,-000 to the marital estate for partial equitable distribution. Subsequently, on July 18, 1988, YST, counsel for Marie, recovered attorney’s fees of $111,715.72 against the Luskins. On September 16, 1988, in a separate jury trial of Marie’s civil theft claim, Marie recovered a final judgment of $10,-929,550 against the Luskins. On January 19, 1989, YST recovered attorneys’ fees of $98,350.92 against the Luskins. Based on each of these judgments, the appellees were issued writs of execution.
On October 13,1988, Marie filed a motion for proceedings supplementary and an affidavit stating that certain writs were outstanding and unsatisfied. On November 15, 1988, Marie and YST motioned to im-plead certain third party defendants, and further motioned for the court ordered sale of certain real properties alleging the Lus-kins had fraudulently conveyed these properties to the third party defendants in order to avoid execution by the appellees. The appellees also sought a declaration that the Luskins had abandoned as homestead their Dade county condominium unit.
On July 27, 1989, the trial court entered an order which consolidated the fraudulent conveyance cases, and set trial for November of 1989. The attorneys for both parties were apparently furnished with copies of this order.
On November 20, and 22, 1989, the attorneys for appellants were granted leave to withdraw. As a. result, on December 5, 1989, the trial court entered an order notifying the Luskins as to all future matters in the proceedings and revalidating their subpoenas. The court further ordered that all relevant documents, including motions, notices, pleadings, and orders, be mailed to the Luskins at their Dade county condominium, and to their daughters and sons-in-law in Miami and Los Angeles.
On January 16, 1990, the trial was reset for March 26, 1990. Although the Luskins’ former attorney was erroneously sent a copy of this order, the court also entered an order which was served on the Luskins in accordance with the procedures set forth in the December 5, 1989 order. This latter order revalidated the trial subpoenas, and also stated that trial was set for March 26, 1990.
The trial commenced on March 26, 1990. The Luskins apparently did not attend. The jury returned a verdict finding that the Luskins had engaged in fraudulent conveyances in order to insulate certain assets from execution, and that the Dade county condominium unit was no longer the Lus-kins’ homestead. On April 30, 1990, the trial court entered a supplementary final judgment for appellees, granting the appel-lees’ motion for court-ordered sale of the real properties. The Luskins appealed.
Before discussing the four issues on appeal, this court will briefly address the appellees’ motion to dismiss. The appellees claim that this appeal should be dismissed based on the “sword and shield” doctrine, which applies when a party seeks affirmative relief and then contemporaneously invokes the fifth amendment to avoid compliance with discovery. See Davidson v. District Court of Appeal, Fourth District, 501 So.2d 603 (Fla.1987); DePalma v. DePalma, 538 So.2d 1290 (Fla. 4th DCA 1989); Segall v. Downtown Assoc., 546 So.2d 11 (Fla. 3d DCA 1989); Minor v. Minor, 240 So.2d 301 (Fla.1970); Stockham v. Stockham, 168 So.2d 320 (Fla.1964).
The facts of this case do not appear to require a dismissal. The appellants were apparently not seeking affirmative relief below, and, now, the appellants are merely seeking reversal of the trial court. Furthermore, there appears to be no adjudication of contempt against appellants for their failure to comply with discovery, nor have they been given an opportunity to purge themselves of any adjudication of contempt. See Gazil v. Gazil, 343 So.2d 595 (Fla.1977). Accordingly, appellees’ motion to dismiss is denied.
*561 Four issues have been raised in this consolidated appeal. First, the Luskins rely on the “local action” rule to claim that the trial court did not have jurisdiction to make a homestead determination as to their Dade county condominium. However, “the simple involvement of real property in an action does not render that action in rem and subject to the [local action rule].” State Dep't of Natural Resources v. Antioch Univ., 533 So.2d 869, 872 (Fla. 1st DCA 1988), citing Goedmakers v. Goedmakers, 520 So.2d 575, 578 (Fla.1988); Publix Super Markets, Inc. v. Cheesbro Roofing, Inc., 502 So.2d 484, 486 (Fla. 5th DCA 1987). The rule applies to suits that primarily seek the transfer of title to real property. It does not apply “with its full rigidity to suits in equity,” that may incidentally pass the title to real property in another jurisdiction. Royal v. Parado, 462 So.2d 849, 854 (Fla. 1st DCA 1985); see also Goedmakers v. Goedmakers, 520 So.2d at 578; State Dep’t of Natural Resources v. Antioch Univ., 533 So.2d at 872.
Applying the law to the instant case, this court finds that the local action rule does not apply. Section 222.10, Florida Statutes, provides in pertinent part that “The circuit courts have equity jurisdiction upon ... person interested in enforcing any unsatisfied judgment or decree, to determine whether any property, real or personal, claimed to be exempt, is so exempt....” (Emphasis added). As such, the homestead determination was an action in equity, which did not primarily seek to transfer title, but rather to determine if the Luskins had abandoned their Dade county condominium as their homestead. This determination alone does not primarily require a transfer of title. Thus, the local action rule does not apply.
The Luskins’ remaining arguments that the homestead determination should be vacated are also without merit. The Luskins claim the determination was invalid because they were not given proper service, adequate notice, or an adequate opportunity to adduce the evidence. But proceedings supplementary to judgment under section 56.29, Florida Statutes (1989), are simply a continuation of the same proceeding. Schwartz v. Capital City First Nat’l Bank, 365 So.2d 181 (Fla. 1st DCA 1978). The two motions for proceedings supplementary were filed on November 15, 1988. They were served on the Luskins’ attorneys one year prior to the November 1989 withdrawal. The original trial date was set in July of 1989, of which notice was given to the Luskins’ attorneys at least four months prior to withdrawal. On January 16, 1990, after the Luskins’ attorneys had withdrawn, the notice resetting trial to March 26, 1990, and the order revalidating the Luskins’ subpoenas, were mailed to the Luskins in the manner set forth in the December 5,1989 order. The facts and the record indicate that the appellants were properly served and properly noticed.
The second issue on appeal involves section 56.29(1), Florida Statutes (1989), which sets forth the prerequisites for invoking supplemental proceedings. The Luskins claim that the entire supplemental proceeding was ineffective because the statutory prerequisites were not met. In support they cite Wieczoreck v. H & H Builders, Inc., 450 So.2d 867 (Fla. 5th DCA 1984). However, this court agrees with the appel-lees that there are only two requirements for the invocation of proceedings supplementary. First, the sheriff must hold an unsatisfied execution, and, second, the plaintiff in execution must file an affidavit stating that the sheriff holds the unsatisfied execution, which is valid and outstanding. Standard Property Inv. Trust, Inc. v. Luskin, 585 So.2d 1099 (Fla. 4th DCA 1991); Continental Cigar Corp. v. Edelman & Co., 397 So.2d 957, 958 (Fla. 3d DCA), rev. denied, 411 So.2d 381 (Fla.1981). The record indicates that these requirements were met in the instant case.
The third issue raised on appeal is the Luskins’ claim that the entire supplementary proceeding was invalid because they were not properly served or given adequate notice of the proceeding. Pursuant to rule 1.080(b), Florida Rules of Civil Procedure, the record reflects that the appellants were properly served. Further, as previously determined, the record indicates that the *562 appellants were properly given notice of the March 26, 1990 trial date.
The fourth issue raised by the Luskins is that the trial court’s October 10, 1990 order of summary final judgment ordering a sheriff sale of the “El Dorado” property should be vacated if either of the judgments upon which it was predicated are reversed. These “predicate” judgments refer to the September 16, 1988 money judgment of $10.9 million, and, the April 30, 1990 supplemental final judgment. The Luskins concede that if these “predicates” are affirmed on appeal, the instant issue should also be affirmed. The supplemental judgment is affirmed herein, and the civil theft money judgment was affirmed by this court on December 23, 1992. Thus, we affirm this issue on appeal.
The decisions of the trial court are affirmed. As such, the appellees are entitled to their reasonable attorney’s fees in accordance with section 56.29(11), and section 59.46, Florida Statutes (1989). The cause is remanded for this determination.
LETTS, J., and DOWNEY, JAMES C., Senior Judge, concur.