PER CURIAM.
Martin Young Private Investigative Agency, Inc. challenges an order of the Division of Administrative Hearings whereby the *411 Division awarded unclaimed insurance proceeds to creditors of the apparent owner. We reverse the Division’s order. The Division has no statutory authority to prioritize competing claims. See Department of Banking and Finance, Division of Financing v. Martin Young Private Investigating Agency, Inc,, 638 So.2d 518 (Fla. 1st DCA 1994) (court found Division’s proposed rule to prioritize competing claims invalid “on the ground that there was no statutory authority for the rule.” Id.).
Moreover, the creditors to whom the Division awarded the insurance proceeds were not “owners” pursuant to section 717.101(11), Florida Statutes, because they did not have a “legal or equitable interest” in the subject property. Insurance proceeds are personal property which judgment creditors cannot reach or claim an interest in until after resorting to judicial process. See La-hav Flooring and Fixtures v. Weinstein, 590 So.2d 1055 (Fla. 3d DCA 1991) (recording of judgment alone does not automatically create a lien on debtor’s personal property; judgment creditor’s lien attaches to personal property and priority is established at the time that the writ of execution is delivered to the sheriff in the county where the personal property is located).
REVERSED.
ZEHMER, C.J., and ALLEN and KAHN, JJ., concur.