PER CURIAM.
 

 The circuit court entered a final judgment dissolving the marriage between Na-beel Zane and Lisa O’Connor and ordered Mr. Zane to pay Ms. O’Connor various amounts of money for child support and other marital obligations. Mr. Zane did not fully satisfy this obligation and subsequently, Ms. O’Connor sought and obtained a civil judgment against him for the money he owed her. The money judgment was recorded in 2003.
 

 In February, 2011, Ms. O’Connor filed a motion in the dissolution case asking for a declaration that she is entitled to approximately $32,430.79 belonging to Mr. Zane now held by the Bureau of Unclaimed Property, Department of Financial Services. The department intervened, arguing, among other things, that it had exclusive jurisdiction to determine entitlement to any unclaimed property in its custody, and that the claims process provided Ms.
 
 *106
 
 O’Connor with a clear, adequate, and readily available administrative remedy for her claim, which she had failed to exhaust. The circuit court dismissed the motion, finding that Ms. O’Connor had failed to exhaust her administrative remedy of filing a claim with the department to recover the funds. We affirm.
 

 The statutes dealing with disposition of unclaimed property in Chapter 717, Florida Statutes, do not authorize the department to determine the priority of claims that could be asserted by judgment creditors against unclaimed property in its possession.
 
 See Martin Young Private Investigative Agency, Inc. v. Department of Banking and Finance,
 
 659 So.2d 410 (Fla. 1st DCA 1995). However, a judgment creditor does have standing to assert a claim against unclaimed property in the hands of the state in order to obtain a determination that the property does in fact belong to the judgment debtor.
 

 Accordingly, if Ms. O’Connor files a claim under section 717.124, the department must determine whether it is in possession of unclaimed property belonging to Mr. Zane, and if the property consists of cash, it must state the amount. Ms. O’Connor may then obtain legal process or pursue judicial remedies, if necessary, to execute her judgment against the property.
 

 Affirmed.
 

 PADOVANO, LEWIS, and CLARK, JJ., concur.