SUAREZ, J.
■ Jeffrey H. Atwater, Chief Financial Officer of the State of Florida (“Chief Financial Officer”) petitions this Court for a writ of prohibition directed to the circuit court to prevent it from enforcing an order to show cause issued for the Chief Financial Officer to appear before the circuit court, and to prevent disbursement of funds being held in the Treasury of the State of Florida as unclaimed property by the Department of Financial Services (“the Department”). Further, the Chief Financial Officer petitions to prohibit the lower court from enforcing its order directing the Chief Financial Officer to remit the unclaimed funds being held by the Department for deposit into the State Treasury for the use of the State School Fund. We grant the petition for writ of prohibition.
First, by agreement of the parties, the order to show cause why the Chief Financial Officer should not be held in contempt for failure to appear is hereby vacated. The sanctions ordered by the trial court were unauthorized pursuant to section 43.19, Florida Statutes (2011). Further, the trial court is without jurisdiction to compel the Department to disburse funds without the Department first having determined the entitlement of the claimant to the funds held by the Department. See O’Connor v. Zcme, 79 So.3d 105 (Fla. 1st DCA 2012) (holding that petitioner failed to exhaust administrative remedies by first filing claim for unclaimed property with Department of Financial Services to obtain a determination of entitlement to the unclaimed funds prior to pursuing judicial remedies).
The Department of Financial Services is vested with the sole authority to make financial determinations as to unclaimed funds. See Art. IV, § 4(c), Fla. Const, (conferring upon the State’s chief fiscal officer exclusive authority to examine and approve all claims against the state for unclaimed funds); § 43.19, Fla. Stat. (2011) (“In every case in which the right to withdraw money deposited as hereinbefore provided has been adjudicated or is not in dispute and the money has remained so deposited for 5 years or more unclaimed by the person, firm, or corporation entitled thereto, on or before December 1 of each year the judge, or one of the judges, of the court shall direct that the money be deposited with the Chief Financial Officer to the credit of the State School Fund_) (emphasis added); § 215.965, Fla. Stat. (2011) (“[A]ll moneys in the State Treasury shall be disbursed by state warrant, drawn by the Chief Financial Officer upon the State Treasury and payable to the ultimate beneficiary.”); § 716.07(1), Fla. Stat. (2011) (“Any person who claims any property, funds, or money delivered to the Treasurer or Chief Financial Officer ... shall, ... file a verified claim with the Chief Financial Officer, setting forth the facts upon which the party claims to be entitled to recover the money or property.”); § 716.07(2), Fla. Stat. (2011) (“The Chief Financial Officer shall approve or disap *1193 prove the claim.”); § 717.1244, Fla. Stat. (2011) (stating that the Department determines the merits of all claims pursuant to applicable statutory, regulatory, common, and case law in accordance with the Florida Disposition. of Unclaimed Property Act); see also § 717.126, Fla. Stat. (2011) (providing that the burden shall be upon the claimant to establish with the Department of Financial Services entitlement to the unclaimed property by a preponderance of evidence, and “[ujnless otherwise agreed by the parties, venue shall be in Tallahassee, Leon County, Florida”).
Order to show cause vacated; petition for writ of prohibition granted.