DAVIS, CHARLES A., Senior Judge,
Concurring in part and dissenting in part.
Although I concur fully with the majority in granting the petition in case number 2D12-3286 regarding the attorney general, I otherwise respectfully dissent. My reading of the language of section 43.19 and the version of chapter 717 in effect at the time of the issuance of the orders to show cause in the circuit court provides a specific exception to the more general rule of authority granted to the CFO under chapter 717, and I would deny the petitions in case numbers 2D12-3315, 2D12-3534, and 2D12-4231 on that basis.
We are not tasked with an appellate review of the circuit court’s determinations regarding the recovery of these unclaimed funds; the issue before us is whether the circuit court had jurisdiction to order the CFO to appear to show cause why he failed to comply with the circuit court’s order to pay the funds to the claimants pursuant to section 43.19.[3] To make this determination, we need to consider the interplay between the provisions of chapters 43 and 717.
I agree with the majority that chapter 717 prescribes the procedures for the determination of entitlement to funds received and held by the CFO as unclaimed property. See § 717.124(1). Such unclaimed property may come to the CFO from sources such as abandoned bank accounts or unclaimed insurance proceeds. In dealing with these funds, chapter 717 describes the procedure for filing a claim, designates who may file the claim and under what circumstances an agent may seek the funds on behalf of the owner, and generally vests the right to determine who is a proper recipient of the funds with the CFO.
But in addition to the general provisions of chapter 717, there are separate statutes governing the methods by which specific types of unclaimed funds held by the clerk of court are transferred and subsequent claims are processed. For instance, section 45.032 addresses the handling of proceeds from foreclosure sales held by the clerk of court for five years or longer and directs that they are to be transferred to the CFO pursuant to chapter 717. By this reference to chapter 717 in chapter 45, it is clear that the legislature intended such funds, once transferred, to be subject to the provisions of chapter 717. See also City of Cape Coral, 120 So.3d 595 (discussing the interplay between chapters 45 and 717).
The issue before this court in the instant cases involves section 43.19, which applies to unclaimed funds deposited with the clerk of court as a result of a judicial proceeding other than a foreclosure action. See § 43.19(1) (applying section 43.19 to “every case in which the right to withdraw money deposited ... has been adjudicated or is not in dispute”). However, in contrast to section 45.032, section 43.19 contains no language directing that the deposits be subject to the application of chapter 717. Rather, this section provides that the *375 funds are deposited with the CFO under the continuing jurisdiction of the circuit court.
Any person ... entitled to any of the money may obtain an order directing the payment of the money to the claimant on written petition to the court ... and the money deposited shall constitute and be a permanent appropriation for payments by the Chief Financial Officer of the state in obedience of such orders.
§ 43.19(3).
By analogy, section 43.19 provides a type of bailment relationship with the CFO, providing that the circuit court may, subsequent to the transfer of the unclaimed funds, entertain claims for the funds and determine to whom the return of such funds should be paid. Cf. Black’s Law Dictionary (9th ed. 2009) (defining a “constructive bailment” as “[a] bailment that arises when the law imposes an obligation on a possessor of personal property to return the property to its rightful owner”). Section 43.19(3) specifically provides that the CFO shall pay the funds “in obedience of such orders.” It is this continuing jurisdiction over the funds themselves that gives the circuit court the authority to issue its order to the CFO to show cause why he, as the custodian of the funds, has not paid those funds to the designated recipient as directed by the circuit court’s prior order under section 43.19.
Furthermore, chapter 717 acknowledges that its provisions merely supplement the procedures of section 43.19. See § 717.1401 (“This chapter shall not repeal, but shall be additional and supplemental to the existing provisions of ss. 43.18, 43.19, and 402.17 and chapter 716.”).[4] And section 717.103, entitled “General rules for taking custody of intangible unclaimed property,” includes the following provision: “Unless otherwise provided in this chapter or by other statute of this state, intangible property is subject to the custody of the department as unclaimed property.” (Emphasis added.) This language exhibits a conscious choice by the legislature to recognize unclaimed funds from section 43.19 as an exception to the general provisions of chapter 717. The specific direction in section 43.19(3) that “the money deposited shall constitute and be a permanent appropriation for payments by the Chief Financial Officer of the state in obedience of such [court] orders” authorizes the circuit court to order the payment of the claim notwithstanding the general authority granted the CFO by chapter 717. For this reason, I conclude that the CFO cannot rely solely on chapter 717 as a basis to ignore the circuit court’s inquiry in the instant claims.
Although article IV, section 4 of the Florida Constitution vests the CFO with authority to “keep all state funds,” the legislature has defined when funds become “state funds.” My reading of section 43.19 in pari materia with chapter 717 suggests that unlike other funds, the legislature did not include the funds described in section 43.19 as “state funds” because the statute specifically provides the authority to the circuit court to, at any time, determine the rightful owner of the funds and order the return of the same to that owner.
When reading the two legislative enactments together, the statutes should be read so as to give meaning to all the provisions of both statutes. Hechtman v. *376 Nations Title Ins. of NY, 840 So.2d 993, 996 (Fla.2003) (“In ascertaining the legislative intent, a court must consider the plain language of the statute, give effect to all statutory provisions, and construe related provisions in harmony with one another.”). Chapter 717 includes language that specifically states that the legislature’s intent is to not repeal and only to supplement the provisions of section 43.19. To suggest that chapter 717 denies the circuit court any authority over the funds is to read chapter 717 to say the opposite of what it plainly says — that chapter 717 does not repeal section 43.19. Likewise, the majority’s reading of chapter 717 would render meaningless the language in section 43.19 requiring the CFO to pay the claim pursuant to the order. See Hechtman, 840 So.2d at 996 (“It is an elementary principle of statutory construction that significance and effect must be given to every word, phrase, sentence, and part of the statute if possible, and words in a statute should not be construed as mere surplusage.”).
Additionally, the legislature has shown that it knew how to subject the funds being transferred to the CFO to the provisions of chapter 717 as is demonstrated by the language of section 45.032. Obviously, the legislature did not include such a limitation in chapter 43. I therefore conclude that the circuit court is not restricted from intervening with regard to unclaimed funds that have been processed under section 43.19. See Olmstead v. Fed. Trade Comm’n, 44 So.3d 76, 82 (Fla.2010) (“[Wjhere the legislature has inserted a provision in only one of two statutes that deal with closely related subject matter, it is reasonable to infer that the failure to include that provision in the other statute was deliberate rather than inadvertent. In the past, we have pointed to language in other statutes to show that the legislature ‘knows how to’ accomplish what it has omitted in the statute [we were interpreting].” (alteration in original) (citation omitted) (internal quotation marks omitted)).
I acknowledge that section 717.124 recently was amended to state that it “applies to all unclaimed property reported and remitted to the Chief Financial Officer, including, but not limited to, property reported pursuant to ss. 43.19.” See § 717.124(8), Fla. Stat. (2013). However, in enacting this amendment, the legislature did not alter section 717.1401, which still states that chapter 717 “shall not repeal, but shall be additional and supplemental to the existing provisions of [section] ... 43.19.” As such, this amendment has not expressed the intent of the legislature to remove the authority of the circuit court over the disputed funds granted to it by section 43.19.
Additionally, even if the result of the amendment was to limit the circuit court’s authority, the amendment does not apply to the underlying facts or to our limited task of reviewing the orders to show cause already issued in these underlying cases. The circuit court exercised the authority granted by section 43.19, determined the claimant’s right to claim the funds, and ordered the CFO to make the payments in 2011 and 2012. When the CFO refused to obey those orders, the circuit court issued its order to show cause in 2012. The CFO also filed his petition for writ of prohibition in 2012. This all occurred prior to 2013, when the legislature enacted the amendment on which the majority relies. Under these circumstances, once the circuit court exercised its authority, the right to the funds had vested in the claimant and the CFO was subjected to the order to show cause prior to the legislature taking the action that the majority now suggests denies the circuit court the authority originally given by section 43.19. We are tasked only with determining whether the circuit court had the authority to issue the *377 orders to show cause at that time. The belated legislation should have no application to our consideration of whether the circuit court could determine payment of the funds at the time of the initial order.
I would therefore deny the petitions for writs of prohibition in case numbers 2D12-3315, 2D12-3534, and 2D12-4231. Because our review is limited only to the authority of the circuit court to order the CFO to appear in these proceedings, I take no position regarding the validity or legitimacy of the circuit court’s order regarding entitlement to or transfer of the unclaimed funds.
Additionally, to the extent my position could be read to conflict with the First District’s decision in O’Connor v. Zane, 79 So.3d 105 (Fla. 1st DCA 2012), and the Third District cases relying on O’Connor, see, e.g., Atwater v. Bruneau, 96 So.3d 1014 (Fla. 3d DCA 2012), I would certify conflict.[5]

. I recognize that not all cases regarding the recovery of unclaimed funds in the custody of the CFO require the same procedures as the instant cases. This court recently discussed scenarios under which appellate review of an order on the recovery of funds held by the CFO might arise. See Crescenzo, 136 So.3d 1248. However, the nature of the instant prohibition does not require consideration of the other types of proceedings because the funds at issue were properly transferred to the CFO to become part of the school fund pursuant to section 43.19 after remaining unclaimed in the court registry for five years or longer. See § 43.19(1).

. The issue of how the provisions of chapter 717 are supplemental to section 43.19 is one that must be litigated in the circuit court in response to its issuing the order to pay the claimant. If the CFO is of the opinion that the circuit court errs in its ruling, that decision should be brought before us on appellate review. However, that issue is not before us in these petitions for writs of prohibition.

. It is not clear whether the origin of the unclaimed funds in the cited cases might be of the specific types otherwise governed by separate statutes such as those related to section 45.032. Therefore, I would certify conflict only to the extent that the unclaimed funds in those cases are governed by section 43.19.